Clifford BENSON, Plaintiff-Appellant,

v.

Ruben GELLER, et al.,
Defendants-Respondents.

No. 42768.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

James L. Homire, Jr., Albrecht & Homire, St. Louis, for plaintiff-appellant.

J. William Newbold & Ellen E. Bonacorsi, Coburn, Croft & Putzell, St. Louis, for respondents Robert E. Jones & Robert E. Jones Real Estate Co.

Sidney W. Horwitz, Dubinsky, Duggan & Horwitz, St. Louis, for respondents Ruben Geller & Ruben Geller Real Estate, Inc.

SNYDER, Judge.

Plaintiff appeals from the judgment granting respondents' motion to dismiss his second amended petition for failure to state a cause of action. The trial court designated the order a final judgment under Rule 81.06 and denied appellant's motion for leave to amend.

Appellant alleges that the trial court erred in dismissing his second amended petition and in refusing leave to amend. The judgment is affirmed.

Appellant was the owner of a three-acre tract at Clayton and Baxter Roads in St. Louis County. Appellant alleged in the petition that on March 15, 1976 "defendants and each of them" solicited a written option contract from him with one W. L. Sullivan under which Sullivan was given "a 90-day option to purchase plaintiff's real estate

... for a period of one (1) year for the price of $165,000."

Defendant Frank E. McClinton, not a party to this appeal because he did not join in the motion to dismiss, defendant Ruben Geller and defendant Ruben Geller Real Estate Company were alleged to have acted on behalf of defendant Robert E. Jones Real Estate Company. The option provided for a commission of six percent to be paid by the seller if the option was exercised and "to be split 55% Dolan-Major and 45% Robert E. Jones Real Estate Co." There were no allegations of acts by Robert E. Jones personally though he was named a defendant. The option contract, attached to the petition, is to "W. L. Sullivan or Assigns." It was extended three times by appellant.

Appellant alleged that he was "induced to enter into the aforesaid option contract and the extension of the option contract with W. L. Sullivan by representations of the defendants that were knowingly false and misleading, and which were relied upon by the plaintiff in that they told the plaintiffs that W. L. Sullivan represented an insurance company listed in Chicago that was interested in purchasing his property; that $165,000 was the maximum amount that the insurance company would pay, and that an option to buy was necessary because it would take the insurance company a long time to negotiate with owners of adjoining property needed by the insurance company." (The option was exercised; by whom, the record does not indicate.) Appellant alleged that the property was ultimately sold to National Super Markets for $190,000 and that respondents, in breach of fiduciary relationship with him and without his knowledge and consent, wrongfully obtained and kept the sum of $25,000, the difference between the sale and option prices.

Appellant's first petition, filed October 12, 1978, was the object of motions for a more definite statement, to strike and to dismiss by respondents Ruben Geller and Ruben Geller Real Estate. Appellant filed his amended petition on January 26, 1979 before these motions had been ruled upon. R. E. Jones, R. E. Jones Real Estate, Ruben Geller and Ruben Geller Real Estate each moved to dismiss the petition. The motions of the Geller defendants were overruled. The motion of Jones was granted and the amended petition was dismissed with leave to amend. Appellant's second amended petition was filed July 11, 1979. Jones, Jones Real Estate, Geller and Geller Real Estate filed motions to dismiss which were argued and submitted August 17, 1979 and granted August 23, 1979. At respondents' request, the order dismissing the petition was made a final judgment on December 21, 1979 pursuant to Rule 81.06. It became final on March 14, 1980 when the court denied appellant's motion for new trial or leave to amend. Appellant then timely filed his notice of appeal.

■ Appellant contends that the trial judge erred in dismissing his second amended petition, arguing that it does state a cause of action in fraud. Because of the procedural posture of the case, this court does not address the merits of the claim but is limited to determining whether the petition stated a cause of action. In making this determination all well-pleaded facts and inferences favorable to the pleader are accepted as true. The petition should not have been dismissed if those facts and inferences evidence the existence of a cause of action against respondents. *Shapiro v. Columbia Union National Bank and Trust Co.*, 576 S.W.2d 310, 315[2] n. 6 (Mo. banc 1978), *cert. denied*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979); *Allied Disposal, Inc. v. Bob's Home Service, Inc.*, 595 S.W.2d 417, 419[1] (Mo.App.1980).

■ In order to survive the motion to dismiss the petition must have alleged all of the elements of fraud: a false material representation; respondents' knowledge of its falsity or ignorance of its truth; respondents' intent that it should be acted on by appellant in the manner reasonably contemplated; appellant's ignorance of the falsity of the statement; appellant's rightful reliance on its truth and the right to rely thereon; and proximate injury. *Huttegger v. Davis*, 599 S.W.2d 506, 511[2, 3] (Mo. banc 1980); *Ackmann v. Keeney-Toelle Real Es-*

tate Co., 401 S.W.2d 483, 488[2–5] (Mo. banc 1966).

■ Appellant has pleaded a representation, its falsity, respondents' knowledge of its falsity and his (appellant's) reliance. But, nowhere on the face of the pleading or attached exhibits has appellant alleged that the representation was material. The option (attached to the petition) was not given exclusively to W. L. Sullivan but could be exercised by his assigns. It cannot be inferred that appellant's decision whether to enter into the contract was materially affected by the identity of the purchaser. Appellant has not alleged that he would not have entered into the transaction if W. L. Sullivan or the insurance company were not the buyer. Even if false, the statements that Sullivan represented an insurance company and that $165,000 was the maximum the insurance company would pay were not necessarily material.

Appellant alleges that he was injured because he was induced to enter into a contract for $165,000 by respondents' allegedly false representations that $165,000 was all that the insurance company would pay. This is not sufficient to support a cause of action for fraud against respondents unless W. L. Sullivan or the insurance company was, in fact, willing to pay more. Their willingness to pay more was not alleged. Respondents' representations about the amount W. L. Sullivan was willing to pay, even if false, were not the proximate cause of appellant's injury, if any, where the option was exercised by assigns of W. L. Sullivan. Additionally, as noted by respondents Ruben Geller and Geller Real Estate Company, appellant has abandoned the allegation of agency contained in his first amended petition from which right to rely on respondents' representations could arguably have been inferred. Absent the right to rely on respondents' representation, appellant's cause of action would fail. Since no right to rely was alleged, and materiality was not supported by facts alleged, the petition must fail. The point is ruled against appellant.

■ Appellant next contends that the trial court erred in refusing to grant leave to amend the petition. This point is also without merit.

Although appellant's request for leave to amend was made well before any trial of the issues alleged, appellant waited until after the dismissal had been designated a final judgment and made the request in the form of a post-trial motion some six months after the petition had been dismissed. In addition, appellant had amended the petition twice before and was still unable to withstand the motion to dismiss. *See Cady v. Hartford Accident & Indemnity Company*, 439 S.W.2d 483, 486[7, 8] (Mo.1969). None of the additional allegations which appellant proposed to add in his third amended petition were based upon information unavailable to him at the time the second amended petition was filed. And, as respondent Jones Real Estate further points out, appellant still gave no indication of how he would allege the representations to be material or how injury resulted from his reliance on them. In view of these considerations, this court finds no abuse of discretion in the trial court's denial of appellant's alternative motion for leave to amend.

Appellant notes the provision in Rule 55.-33(a) that "leave shall be freely given when justice so requires." This admonition tempers the discretion of the trial court in refusing leave to amend but the trial court's ruling is not to be overturned unless that discretion is clearly abused. *Parsons Construction Co. v. Missouri Public Service Co.*, 425 S.W.2d 166, 174[13, 14] (Mo.1968); *In re Estate of Goldenberg*, 601 S.W.2d 637, 639–640[5] (Mo.App.1980); *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 83[12] (Mo.App. 1979). There was no clear abuse of discretion in the case under review.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.