Kevin Grant SCOTT, Plaintiff-Appellant,

v.

Jay O. DOWLING, d/b/a Midwest Construction, John R. Perryman and Marjorie Perryman, Commerce Bank of Springfield, and John R. Lewis, Trustee, Defendants-Respondents.

No. 12278.

Missouri Court of Appeals, Southern District, Division Two.

June 30, 1982.

Christopher J. Stark, Springfield, for plaintiff-appellant.

John R. Lewis, Springfield, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff brought an action seeking to enforce a mechanic's lien. He sought a general judgment against defendant Dowling for $6,572.64, with interest, and for that judgment to be declared a special lien upon real estate owned by defendants Perryman. Defendant Commerce Bank of Springfield held a note, the payment of which was secured by a deed of trust on the real estate. Defendant John R. Lewis was the trustee named in the deed of trust. The trial court, sitting without a jury, entered judgment in favor of plaintiff and against defendant Dowling for $5,005.14, but denied plaintiff's request that the judgment be declared a lien upon the real estate.

One of the three grounds on which the trial court based its decision to deny the lien was that plaintiff was not a subcontractor of Dowling as plaintiff claimed, but a partner of Dowling on the construction project. Plaintiff contends that the trial court erred in allowing defendants Perryman to amend their answer on the day of the trial to assert the partnership as a defense. The transcript reveals the following proceedings

occurred before evidence was heard the day the trial commenced:

"MR. LEWIS: Your Honor, I would like to make a record, if I might.

THE COURT: All right.

MR. LEWIS: The first thing, Your Honor, I believe, if I'm not mistaken, yesterday and in a pre-trial conference, the Court stated that it would permit the defendants to amend their answer filed to the plaintiff's second amended petition.

THE COURT: Yes.

MR. LEWIS: In that regard, the defendants, Perryman and Perryman, would amend their fifteenth paragraph in their answer to Count I of the first amended—to the second amended petition as follows:

'In further response to Count I of plaintiff's second amended petition, that plaintiff and defendant Dowling were partners doing business as Midwest Construction Company. That said partnership is presumed, pursuant to Section 356.070, R.S.Mo. That defendant Dowling has received full payment under the contract—under contract with Defendants Perryman. And has executed a lien waiver in favor of Defendants Perryman, and by virtue of the partnership, the lien waiver and the payment as alleged herein, plaintiff is barred and estopped from asserting a statutory lien against the land of Defendants Perryman.'

THE COURT: All right.

\*　　\*　　\*　　\*　　\*　　\*

MR. STARK: May I ask the Court—I had not understood the Court was going to allow him leave to amend their answer the day before the trial. I had understood the Court was granting defendants leave to amend their motion for a continuance. It is my understanding, now, that the Court granted them leave to amend their answer to the second amended petition to raise these defenses for the first time, today.

THE COURT: Yes.

MR. STARK: Your Honor, we would object to that as being untimely and prej-

udicial to the plaintiff. It is also contrary to the answers to interrogatories which have likewise not been supplemented in conjunction with this motion, and on the basis of the pleadings of record and their answers to interrogatories and the admissions contained therein, I am moving—hereby moving that the—this amendment to their answer to the second amended petition be stricken.

THE COURT: All right. The request will be denied.

MR. STARK: In addition, Your Honor, I further move to strike the amendment to the affirmative defenses as failing to state properly with sufficient facts and definiteness the essential elements to show payment, partnership, waiver, or estoppel by this plaintiff. They have alleged only general conclusions, and it is a law that such is not sufficient in pleadings. The pleadings are vague, ambiguous, and therefore does not constitute a properly raised affirmative defense at this time.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: All right. Motion to strike will be overruled."

In considering this point we will assume that the matters alleged in the amendment were an affirmative defense or defenses, required to be set forth under Rule 55.08. See *Stevenson v. First National Bank of Callaway County*, 604 S.W.2d 791, 796 (Mo. App.1980).

■ Rule 55.33(a) provides that leave to amend "shall be freely given when justice so requires." The grant of leave to amend rests within the sound discretion of the trial court and will not be disturbed on appeal unless the trial court obviously abused its discretion. *Clayton Brokerage Co. of St. Louis, Inc. v. Lowrance*, 592 S.W.2d 218, 225 (Mo.App.1979). The determination of whether a trial court abused its discretion in granting or denying leave of party to amend is best measured in terms of whether justice is furthered or subverted by the course taken. Id.

The day before trial plaintiff filed a "MOTION IN LIMINE". As a part of the motion, plaintiff asked, "That Defendants Perryman be prohibited and limited from producing any evidence in support of the proposition that, because Plaintiff received profits or contracted to receive profits from the business, it is evidence he is a partner in the business." In support of this, plaintiff referred to § 358.070, RSMo 1978. This makes it obvious that counsel knew such evidence might be tendered. That motion was taken up after leave to amend had been given defendants' counsel and the portions above referred to were overruled.

■ Even if we ignore plaintiff's motion in limine and the indication in the transcript that the trial court had earlier indicated that it would permit the amendment, we do not believe that plaintiff was prejudiced because the amendment was made on the day of trial. The trial commenced on October 30, 1980, and continued on October 31. It recessed that day before defendants had rested. On December 10, 1980, defendants concluded their evidence and plaintiff put on rebuttal evidence. If plaintiff needed additional time because of the amendment, plaintiff certainly had that time. During the period that the trial was in recess plaintiff submitted additional interrogatories to defendants Perryman, but none of the questions were specifically related to the amendment. Both sides offered evidence on the partnership question and there is no claim by plaintiff that had that defense been raised earlier that the evidence would have been different.

■ We think that the amendment set out defendants' contentions sufficiently for the plaintiff to understand them. The record, including the motion in limine indicates that plaintiff's counsel knew the nature of the evidence defendants were seeking to introduce. Plaintiff also contends that the amendment was ineffectual because it was not reduced to writing. Amendments to a pleading not written into the body of the answer are not prejudicial error unless the court or counsel was misled about the nature of the defense added. *Fischman-Har-*

*ris Realty Co. v. Kleine,* 82 S.W.2d 605, 610 (Mo.App.1935). Defendants' counsel apparently was in error in referring to "Section 356.070, RSMo". Counsel may have intended to refer to § 358.070, RSMo 1978, which sets forth certain rules in determining whether a partnership exists or perhaps § 358.160, RSMo 1978—Partner by estoppel. Whichever it was should not have prejudiced plaintiff as it appears that his counsel was aware of the evidence on which the amendment was based.

■ Plaintiff also asserts that the amendment should not have been allowed because it was contrary to previous answers to interrogatories filed by defendants. Those interrogatories asked defendants Perryman if they entered "into a contract with Jay O. Dowling d/b/a Midwest Construction". They answered that they had entered into a contract with Jay O. Dowling. They were also asked if they "ever received a lien waiver from Plaintiff?" They replied, "Not to Defendants' knowledge". We do not think that these answers necessarily established that the Perrymans were saying that plaintiff was not a partner with Dowling. They dealt with Dowling in agreeing to the contract and in making the last payment and received the lien waiver from him. The Perrymans did enter into a contract with Dowling. Whether plaintiff was also a party to it was not asked. The lien waiver was given to the Perrymans by Dowling. He signed it "Midwest Construction Company By Jay Dowling, President and Managing Officer". The Perrymans may have reasonably believed their answer regarding the lien waiver was correct, even if they thought that plaintiff was a partner of Dowling, because the lien waiver was actually "received" by them from Dowling. We do not think that these answers should have prevented the trial court, in its discretion, from allowing the amendment.

We do not believe that the defendants were improperly prejudiced by the lateness or the insufficiency of the amendment and believe that justice was served by allowing it. We find that no abuse of discretion in allowing the amendment has been demon-

strated. We now consider whether the evidence supported the trial court's denial of the mechanic's lien.

◼ Plaintiff testified that he was hired by Dowling as a foreman at an hourly wage and when the job was completed he was to "receive forty per cent of the total profit". Plaintiff's records indicate that he started work on November 18, 1978. On December 6, 1978, plaintiff and defendant Dowling established a bank account on which both could sign checks according to "a joint venture signature card, signed by two parties, Kevin Scott and Jay Dowling, doing business as Midwest Construction Company." There was evidence that plaintiff "said that he was a part of the company and had a part of the profits coming"; and that he told the Perrymans' son at the construction site "that if it wasn't for being a partner with Mr. Jay Dowling that he would rather be home sitting in front of the fireplace watching the ballgame". Plaintiff ran the construction job and Dowling was rarely there. Plaintiff's father testified that he advised his son to have a written partnership agreement with Dowling prepared and plaintiff replied, "Dad, I trust the man. He's always treated me fairly." There was evidence that Dowling was given the full amount owed by the Perrymans to "Midwest Construction Company" for the construction project. There was substantial evidence to support the trial court's finding that a partnership existed and that it was fully paid, so we must affirm the denial of the lien.

◼ Plaintiff also claims that he should have received judgment against Dowling for the amount requested in the petition. Plaintiff testified that $6,572.64 was due him. Dowling defaulted and there was no other evidence on this issue. The trial court found that plaintiff's records were not accurate and that he was not entitled to the full amount of his claim. We believe that this was a reasonable finding. The records were sketchy and did not appear to have been kept on a regular basis. The trial judge can believe all or part of a witness's testimony and reject the rest, even if uncontradicted. *Rollins v. Schwyhart,* 587 S.W.2d 364, 367 (Mo.App.1979). Even if a plaintiff's evidence is uncontroverted, it still may not satisfy his burden of persuasion in a court-tried case. *Cave v. Cave,* 593 S.W.2d 592, 595 (Mo.App.1979).

◼ No prejudgment interest was included in plaintiff's recovery against Dowling. Plaintiff contends he should receive interest from the date of demand. The record indicates that Dowling received notice of plaintiff's demand on March 24, 1979. Plaintiff should receive interest from that date. § 408.020, RSMo 1978; § 408.020, RSMo Supp.1980; *Cotton v. 71 Highway Mini-Warehouse,* 614 S.W.2d 304, 308 (Mo.App.1981); *Weekley v. Wallace,* 314 S.W.2d 256, 257 (Mo.App.1958).

The judgment is modified (See Rule 84.14) to provide that plaintiff shall receive from defendant Dowling, in addition to $5,005.14, interest on that amount at 6 percent from March 24, 1979, until September 28, 1979 and thereafter at 9 percent to April 8, 1981, the date of judgment. As modified, the judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.