Larry Gene RABON, Plaintiff,

Tina Louise Eifert, Third-Party Plaintiff, Appellant,

v.

MICHIGAN MUTUAL INSURANCE CO., Third-Party Defendant, Respondent,

and

Automobile Club Inter-Insurance Exchange, Third-Party Defendant, Respondent.

No. 46273.

Missouri Court of Appeals, Eastern District, Division Two.

June 28, 1983.

Robert E. Rapp, Clayton, for third-party plaintiff, appellant.

Vincent J. Tissi, St. Louis, for third-party defendant, respondent.

DOWD, Judge.

This is an appeal from the dismissal with prejudice of appellant's amended third party petition.

The facts are undisputed. Plaintiff sued appellant seeking recovery for property damage from a vehicular accident. Appellant then filed third party claims against respondents Michigan Mutual Insurance Co. (hereinafter Michigan Mutual) and Automobile Club Inter-Insurance Exchange (hereinafter ACI). Count I against Michigan Mutual alleged that: at the time of the accident, appellant was operating a vehicle with the permission of the owner; the owner was a named insured under a Michigan Mutual Automobile liability policy supported by valid consideration; appellant was an omnibus insured under the law and the policy terms; Michigan Mutual (as primary carrier) was obligated to defend appellant and to pay any judgment taken against her under the policy in plaintiff's favor; and Michigan Mutual refused to honor its obligation.

Count II against ACI further alleged that: appellant was an additional insured under an insurance policy of ACI supported by valid consideration and providing secondary liability coverage; the policy obligated ACI to defend appellant against plaintiff's claim and to pay any judgment taken against her under the policy because Michigan Mutual failed to provide primary coverage; and ACI refused to honor its obligation. Each count prayed for judgment in whatever sum plaintiff might obtain against appellant, plus interest, vexatious penalties, and attorney fees.

Michigan Mutual filed an answer alleging the third party petition failed to state a claim upon which relief could be granted against it and praying for judgment in its favor. ACI filed a motion to dismiss the third party petition for failure to state any fact upon which relief could be granted

against it. Before the court ruled on these motions, appellant filed on July 29, 1982 her amended third party petition. In addition to the original claims, it contained an independent claim against each respondent for breach of insurance contract by failing to defend appellant against plaintiff's claim and thereby causing appellant to sustain damages in the form of court costs and attorney fees. On July 30, 1982 plaintiff dismissed with prejudice his original petition against appellant. The record does not disclose, and neither respondent affirmatively pleaded, any release by plaintiff of all claims against appellant.

Michigan Mutual filed a motion to dismiss the third party petition against it for failure to state any fact upon which relief could be granted. ACI adopted its previous motion to dismiss as its response to the amended third party petition. The trial court sustained both motions and ordered the third party petition dismissed, citing *State ex rel. Junior College District v. Godfrey*, 465 S.W.2d 1 (Mo.App.1971). This appeal followed.

■ Since the trial court's order did not otherwise specify, the dismissal of appellant's third party petition upon the hearing of motions to dismiss for failure to state a claim was a dismissal with prejudice and a disposition of the action upon the merits. *State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924, 927–28 (Mo.App.1978); Rule 67.03. Because plaintiff had already voluntarily dismissed his action, no issue remained undetermined in the case and the dismissal of the third party petition was a final appealable order. *See Gibbar*, 575 S.W.2d at 928.

The order's citation of *Junior College District* indicates the trial court believed that the third party claims were not proper subjects of a third party petition. We will examine that issue before determining whether the third party petition stated claims upon which relief could be granted against each respondent.

■ Under Rule 52.11, a defendant may bring in a third party "who is or may be liable to him for all or part of the plaintiff's claim against him." At the time appellant filed her amended third party petition, she was defending against plaintiff's action. The third party petition alleged facts entitling appellant to a defense and judgment indemnity under the liability policies issued by respondents. Those allegations provided a theory by which each respondent as third party defendant would be liable to appellant if she were found liable to the original plaintiff. *See Heshion Motors, Inc. v. Western International Hotels*, 600 S.W.2d 526, 535–37 (Mo.App.1980).[1] This judgment indemnity claim was dependent upon the liability of appellant as third party plaintiff and therefore came within the provision of Rule 52.11. *See S.P. Personnel Associates v. Hospital Building & Equipment Co.*, 525 S.W.2d 345, 348 (Mo.App.1975).

■ Appellant also claimed respondents were liable to her for defense costs she incurred as a result of respondents' failure to defend her against plaintiff's claim. Liability for this defense costs claim would not depend upon whether plaintiff ultimately obtained a judgment against appellant, and thus would not come within Rule 52.11. Under Rule 55.06, however, appellant could join with her third party claims for judgment indemnity as many claims as she had against respondents, including her claims for defense costs.

We believe *Junior College District* does not provide a ground for dismissal of this third party petition. The pleading asserted claims against respondents which "arose from" plaintiff's claim against appellant, *see* 465 S.W.2d at 4, and the defense costs claims were properly joined under Rule 55.-06.

■ We now turn to the issue of whether the third party petition stated claims upon which relief could be granted against each respondent. To make that

---

1. For further authority regarding an insurer's liability for attorney's fees and court costs as a result of their refusal to defend an action against the insured, see 49 ALR2d 694, 721–732.

determination, we liberally construe the averments and accept as true all well-pleaded facts and inferences favorable to the pleader. *Benson v. Geller,* 619 S.W.2d 947, 948 (Mo.App.1981). In that light, Count I averred that Michigan Mutual agreed in return for the named insured's consideration to defend any action alleging damages payable under the policy and to pay any judgment taken against any insured; that appellant was an omnibus insured at the time of the accident; that Michigan Mutual breached the insurance contract by denying coverage and refusing to defend appellant in plaintiff's action against her; and that appellant suffered damages in the form of defense costs as a result of the breach. Count I thus alleged an agreement by Michigan Mutual that would benefit appellant, consideration for the agreement, breach, and resulting damages. *See Gibbar,* 575 S.W.2d at 928. We believe Count I states a claim upon which relief could be granted. Even though Count I no longer stated a cause of action on the judgment indemnity claim after plaintiff dismissed his action against appellant, there remained a claim for defense costs upon which relief might be granted appellant against Michigan Mutual. The court erred in dismissing Count I of the third party petition with prejudice.

Count II averred that ACI agreed, for consideration, to defend and indemnify appellant in any action for damages payable under the policy if the primary insurer failed to provide coverage; that Michigan Mutual failed to provide coverage; that ACI breached the insurance contract by denying coverage and refusing to defend appellant in plaintiff's action against her; and that appellant suffered damages in the form of defense costs as a result of the breach. Count II alleged an agreement, consideration, breach, and resulting damages. *See Gibbar,* 575 S.W.2d at 928. Our statements with regard to Count I apply equally to Count II. Although it no longer stated a claim for judgment indemnity after plaintiff dismissed his action, Count II continued to state a claim for defense costs upon which relief might be granted appellant against ACI. The court erred in dis-

missing Count II of the third party petition with prejudice.

The order of the trial court is reversed and cause remanded with directions to reinstate the claims for defense costs.

SNYDER, P.J., and KAROHL, J., concur.