Robert **BAKER** and **Mo-Kan Airport Passenger Service, Inc.,** Appellants,

v.

**CITY OF KANSAS CITY, Missouri,** Respondent.

No. WD 34337.

Missouri Court of Appeals, Western District.

April 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 29, 1984.

Charles C. Shafer III and Charles C. Shafer, Jr., Kansas City, for appellants.

Richard Ward, City Atty., and Nordahl E. Holte, Dan G. Jackson III, Asst. City Attys., Kansas City, for respondent.

Before SOMERVILLE, P.J., and CLARK and BERREY, JJ.

BERREY, Judge.

Plaintiffs, via an eight count petition with twenty-two headings, instituted suit against the City of Kansas City, Missouri, alleging disparagement, tortious interference with prospective advantage, conspiracy to injure property or business, conspiracy to defraud, outrage, denial of due process, false arrest, and conversion. Upon defendant's motion, the Circuit Court of Jackson County made an order dismissing plaintiffs' petition because the doctrine of sovereign immunity precluded recovery. Plaintiffs thereafter moved to set aside the order of dismissal and to amend their original petition. The court did not rule on the motion to set aside the order of dismissal and overruled the motion to amend the original petition.

Plaintiffs allege on appeal that the court abused its discretion in not allowing an amendment to the original petition. The order dismissing plaintiffs' petition is affirmed.

This case did not proceed to a trial on the merits. The relevant facts, therefore, are gleaned from the legal file submitted by plaintiffs.

Plaintiff Robert Baker is the sole shareholder and chief executive officer of plaintiff Mo-Kan Airport Passenger Service, Inc., a Missouri corporation.

## I. RELATED LITIGATION

On January 28, 1980, plaintiffs filed a complaint in two counts in the United States District Court for the Western District of Missouri seeking damages from defendant City of Kansas City, several individuals employed by defendant, and the Kansas City Police Department. The record does not indicate the cause of action which plaintiffs advanced. Defendants moved to dismiss the plaintiffs' complaint; the motion was overruled and plaintiffs subsequently granted leave to amend their complaint. Plaintiffs filed an amended complaint on September 25, 1980. Thereafter, plaintiffs sought, unsuccessfully, to enjoin this defendant, City of Kansas City, from enforcing a municipal ordinance pertaining to the provision of livery services. On April 28, 1981, plaintiffs dismissed their complaint without prejudice.

■ Also on April 28, 1981, plaintiffs commenced the lawsuit now under review by filing their petition in circuit court based upon the same facts supporting [1] the complaint in the federal district court.

On May 21, 1981, plaintiff Baker brought yet another suit against defendant City of Kansas City in the circuit court praying for a declaratory judgment that defendant was unauthorized to regulate the commercial use of its streets. On June 1, 1981, Baker amended the petition to join Mo-Kan as a plaintiff. Also on June 1, 1981, plaintiffs sought an order to temporarily restrain defendant's taxicab administrator from holding a hearing on the renewal of Mo-Kan's livery permits. Following an exchange of motions and memoranda, including defendant's motion to dismiss, plaintiffs' petition for a temporary restraining order was denied. Defendant filed a second motion to dismiss the petition for declaratory judgment and plaintiffs dismissed their petition without prejudice on May 28, 1982.

On June 2, 1982, plaintiff Mo-Kan filed a petition in circuit court seeking a declaratory judgment that defendant's taxicab administrator abused her discretion and violated plaintiffs' constitutional right to due process by denying a renewal of plaintiffs' livery permits. Plaintiff Mo-Kan thereafter sought to enjoin defendant from enforcing its ordinances. Plaintiff's petition for a temporary restraining order was denied. Subsequently, plaintiff was granted leave to file an amended petition seeking judicial review of the taxicab administrator's decision. The case is still pending.

## II. JURISDICTION

As a preliminary matter, the question of whether this court has jurisdiction over this case must be answered. Defendant claims that this court lacks jurisdiction because plaintiff's Notice of Appeal was not filed timely.

On April 28, 1981, plaintiffs filed their petition in the Circuit Court of Jackson County, Missouri. Following sundry motions and memoranda, on October 7, 1982, the circuit court granted defendant's motion to dismiss by making an order to dismiss the petition with prejudice because of the doctrine of sovereign immunity. In response to said order, plaintiffs moved to set aside the order and to amend their original petition. Plaintiffs cited Civil Rules 67.06 and 55.33 as authority for the proposition that they should be allowed to "amend their petition to assert a cause of action not subject to the defense of sovereign immunity." In anticipation of prevailing upon their motion, plaintiffs included a proposed amended petition averring, *inter alia*, that the City, by custom and in conspiracy with its agents, violated plaintiff Baker's constitutional rights as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitu-

---

**1.** In reviewing a motion to dismiss, all facts alleged are treated as true. *Best v. Schoemehl,* 652 S.W.2d 740, 741 (Mo.App.1983). Accordingly, defendant's statement, in its suggestions in opposition to plaintiffs' motion to set aside, that the two suits were based on the same set of facts is accepted as true. Although defendant makes this statement, it does not reveal the cause of action of plaintiffs' first suit in federal court. Similarly, plaintiffs did not indicate the legal theory of their federal suit.

tion. The proposed amended petition also averred that plaintiff Mo-Kan's rights to due process of and equal protection under the law, embodied in the Fourteenth Amendment of the United States Constitution, were violated by defendant. Essentially, plaintiffs' alleged claims are premised upon the same facts which supported the claims in the original petition.

On October 21, 1982, the circuit court made a *nunc pro tunc* order correcting a misspelling in its order dated October 7, 1982. On November 17, 1982, the circuit court made an order overruling plaintiffs' motion to amend. The circuit court did not rule on the motion to set aside its order of dismissal. On November 19, 1982, plaintiffs filed a Notice of Appeal in the circuit court.

To be timely, a Notice of Appeal must be filed no later than ten (10) days after the judgment or order appealed from becomes final. Rule 81.04(a). A judgment becomes final thirty (30) days after the entry of such judgment, if no timely motion for new trial is filed. Rule 81.05(a). If a motion for a new trial is timely filed and not ruled upon, the judgment becomes final ninety (90) days after the filing of the motion. If the motion is passed on at an earlier date, then the judgment becomes final on the date of the motion's disposition. Authorized after trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken. The filing and disposition of such motion has the same effect as to time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court. *Id.*

■ Accordingly, a motion to set aside an order of dismissal is treated as a motion for new trial for purposes of appeal. *Ill-Mo Contractors v. Aalcan Demolition and Contracting Company, Inc.,* 431 S.W.2d 165, 169 (Mo.1968); *In re Franz' Estate,* 221 S.W.2d 739, 740 (Mo.1949); *Love Mortgage Properties, Inc. v. Horen,* 639 S.W.2d 839, 840–841 (Mo.App.1982). Plaintiffs' October 20, 1982, motion to set aside the order of dismissal was not ruled upon by the circuit court. Hence, the order dismissing plaintiffs' original petition did not become final until January 18, 1983, ninety (90) days after the motion had been filed. Plaintiffs' Notice of Appeal filed on November 19, 1982, therefore, was not tardy, but premature. The Notice of Appeal is considered as filed immediately after the time the judgment became final. Rule 81.-05(b). The Notice of Appeal was filed timely.

■ Defendant contends that even if plaintiffs' motion to set aside the order of dismissal is treated as a motion for new trial, then plaintiffs' motion and suggestions in support thereof, and their reply suggestions, do not comport with Rules 78.07 and 84.13.

Defendant's reliance on the preceding civil rules is misplaced. Rule 78.07 provides in pertinent part as follows:

In *jury tried* cases, allegations of error to be preserved for appellant review must be included in the motion for a new trial except that questions of the jurisdiction over the subject matter, questions as to the sufficiency of the pleadings to state a claim or defense and questions authorized by Rule 72.01 to be presented in motions for judgment need not be included in a motion for new trial (emphasis added).

Rule 84.13 provides in pertinent part as follows:

(a) **Preservation of Error in Jury Tried Cases.** Apart from questions of jurisdiction of the trial court over the subject matter in questions as to the sufficiency of pleadings to state a claim upon which relief can be granted or a legal defense to a claim, no allegations of error shall be considered in any civil appeal from a *jury tried* case except such as have been presented to or expressly decided by the trial court (emphasis added).

Clearly, the instant case never proceeded to a point where it could be deemed a jury tried case. The entire case was decided upon the pleadings. Upon this basis alone,

Rules 78.07 and 84.13 do not apply to plaintiffs' motion to set aside the order of dismissal.

 Moreover, Rule 81.05 reads, "[a]uthorized after trial motions shall be *treated as,* and as a part of, a new trial motion *for the purpose of ascertaining the time within which an appeal must be taken* ... [t]he filing and disposition of such motions has the same effect after time for appeal in all cases *whether or not the motion has any function other than to seek relief in the trial court "* (emphasis added). This rule and its predecessors Rules 78.02 and 78.04, and 3.24 as interpreted, respectively, in *Ill-Mo Contractors* and *In re Franz' Estate* do not state that the motion to set aside an order of dismissal *is* a motion for new trial. Rather, such a motion "is treated as a motion for new trial for purposes of appeal." *Love Mortgage Properties, supra* at 840. Defendant's argument that a motion to set aside an order of dismissal is a motion for new trial for all purposes is not supported by the rules or decisional authority. Rules 78.07 and 84.-13, which pertain to motions for new trials in jury tried cases, are inapplicable to a motion to set aside an order which is only treated as a motion for new trial per Rule 81.05. Consequently, this court has jurisdiction to now address the merits of plaintiffs' petition.

### III. CIRCUIT COURT'S DISCRETION

Plaintiffs contend that the circuit court's order dismissing the petition without leave to amend constituted an abuse of its discretion. Rule 67.06 states that on sustaining a motion to dismiss a claim, the court shall freely grant leave to amend the petition. Rule 55.33 provides that leave to amend pleadings shall be freely given when justice so requires.

 Although the rules stress liberality in allowing amendments to pleadings, a party does not have an absolute right to file even a first amended petition. *Jones v. Williams,* 209 S.W.2d 907, 911 (Mo.1948); *Koller v. Ranger Insurance Company,* 569 S.W.2d 372, 373 (Mo.App.1978). The

function of the amendment rules is to enable a party to present matters that were overlooked or unknown at the time that the original pleading was filed but without change in the original cause of action. *Briggs v. Cohen,* 603 S.W.2d 20, 22 (Mo. App.1980). The denial of leave to amend is within the sound discretion of the circuit court and that decision will not be disturbed unless there is a showing that the court palpably and obviously abused its discretion. *Scott v. Dowling,* 636 S.W.2d 176, 178 (Mo.App.1982); *Smith v. City of DeSoto,* 634 S.W.2d 204, 205 (Mo.App. 1982); *Benson v. Geller,* 619 S.W.2d 947, 949 (Mo.App.1981).

 The determination of whether a circuit court abused its discretion in denying leave to amend is best measured in terms of whether justice is furthered or subverted by the course taken. *Scott v. Dowling, supra* at 178; *Clayton Brokerage Company of St. Louis, Inc. v. Lowrance,* 592 S.W.2d 218, 225 (Mo.App.1979). The factors which a court should consider are hardship to the moving party if leave to amend is denied, the reasons for the moving party's failure to include the new matter in its original pleading, and the injustice to the opposing party should leave be granted. *DeArmon v. City of St. Louis,* 525 S.W.2d 795, 802 (Mo.App.1975).

In the instant case, by letter dated September 21, 1982, plaintiffs informed the court that subsequent to defendant's filing of a motion to dismiss, counsel for plaintiffs and defendant agreed not to take any further action until the Missouri Supreme Court rendered a decision in a then pending case regarding the scope of the doctrine of sovereign immunity. In that same letter, plaintiffs' counsel advised the court that should the Supreme Court render a decision extending the doctrine to municipalities, then plaintiffs would request leave to file an amended petition.

Apparently unbeknownst to plaintiffs' or defendant's counsel, on August 2, 1982, the Supreme Court decided *Winston v. Reorganized School District,* 636 S.W.2d 324 (Mo.

banc 1982), adversely to plaintiffs' theory of recovery in the instant case. Consequently, upon discovering the Supreme Court's latest pronouncement on sovereign immunity, plaintiffs sought to amend their petition to state a cause of action not barred by the doctrine.

Defendant asserts in its brief that "the pleading denominated 'First Amended Petition for Damages' seeking to amend their petition to assert a cause of action not subject to the defense of sovereign immunity actually represents the fourth or possibly fifth amended petition on the part of appellants [plaintiffs] herein." Clearly, defendant suggests that the two-count complaint and amended complaint in the federal district court and the petitions and amended petition in the circuit court for declaratory judgment are previous amendments to the petition in this case.

 Causes of action which are separate and independent, though arising out of the same facts, may be sued upon separately. *M.F.A. Mutual Insurance Co. v. Hill*, 320 S.W.2d 559, 564 (Mo.1959). The record below does not indicate whether plaintiffs' complaint and amended complaint in federal court stated the same causes of action as the petition in this suit. Regarding plaintiffs' suit for a declaratory judgment, such an action is distinguished from plaintiffs' causes of action sounding in tort which constitute the bases of this suit. *See* 26 C.J.S. *Declaratory Judgments* § 1 (1956). Consequently, defendant has failed to establish that the petition in this case "actually represents the fourth or possibly fifth amended petition...." Plaintiffs have not previously amended their petition in this case.

Plaintiffs' other suits against defendant, however, do raise the question of why the cause of action which they now seek to assert by an amended petition was not brought earlier. Both Rule 55.10 and FED. R.CIV.P. 8(e)(2) allow a party to set forth two or more statements of a claim alternatively or hypothetically and to state as many separate claims as may exist regardless of consistency.

The circuit court, undoubtedly, was aware of the litigation related to this case when ruling on defendant's motion to dismiss. Plaintiffs' failure to assert their other causes of action against defendant in the original and amended petitions in the related state suits was one factor which could properly be considered in a determination of whether justice would be served by an amendment to the petition in this case. Similarly, the circuit court could consider plaintiffs' dismissal without prejudice of their related suits in both federal and state court and their failure to set forth alternative causes of action in the original petition in this case. Thus, considering the foregoing, the circuit court could have reasonably concluded that denying the motion to amend their petition would not result in an undue hardship to plaintiffs.

Granting the motion to amend would have subjected defendant to yet another claim which could be considered prejudicial. The interests of justice would not be furthered by requiring defendant to defend against multiple suits each of which could be unduly protracted.

Comparing this potential prejudice to defendant with the potential hardship to plaintiffs, the circuit court's denial of plaintiffs' motion to amend was not a palpable and obvious abuse of the court's discretion. *Scott v. Dowling, supra* at 178.

Affirmed.

All concur.