**SUN ELECTRIC CORPORATION,**
**Plaintiff/Respondent,**

v.

**Odell MORGAN, d/b/a Odell's Standard,**
**Defendant/Appellant.**

**No. WD 34816.**

Missouri Court of Appeals,
Western District.

July 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 2, 1984.

Ronald E. Finley, Kansas City, for defendant-appellant.

Ronald S. Weiss, Berman, Deleve, Kuchan & Chapman, Kansas City, for plaintiff-respondent.

Before LOWENSTEIN, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Plaintiff, Sun Electric Corporation, filed a Petition on Account against defendant, Odell's Standard, for $15,469.84 on January 29, 1982. Odell Morgan had leased certain equipment from plaintiff and agreed to make payments thereon and subsequently defaulted. Odell through his counsel filed a Request for Production of Document and Answer on March 5, 1982.

Subsequently, on or about November 11, 1982, plaintiff filed a motion for Summary Judgment. The motion had an affidavit attached. Odell's deposition was taken and he acknowledged purchasing a cabinet and computer from plaintiff, that he had no complaints about the equipment and that he made a number of payments on it.

Finally he acknowledged that he quit paying because, "The business could no longer afford it."

Thereafter Odell filed on November 29, 1982, a Motion and Suggestion for Extension of Time to Plead and on December 14, 1982 the court granted Odell until December 27, 1982, to respond to plaintiff's Motion for Summary Judgment. On January 6, 1983, Odell moved to file an amended answer and suggestions. The motion was never ruled upon.

On January 26, 1983, Odell filed additional suggestions in opposition to plaintiff's Motion for Summary Judgment and on February 1, 1983, he filed Exhibit "A" in Opposition to the Motion for Summary Judgment.

On February 16, 1983, Sun Electric Corporation filed a motion to call up its Motion for Summary Judgment on March 10, 1983. On March 18, 1983, Odell filed Additional Suggestions in Opposition to Plaintiff's Motion for Summary Judgment.

Attorney for Odell, Ronald Finley, filed his affidavit March 10, 1983, alleging that there was no waiver of signature or presentment by Odell regarding his deposition and moved in the affidavit to suppress its use, citing Missouri Rule of Civil Procedure 57.03(f).

Subsequently there was correspondence between the parties and the court. On March 24, 1983, plaintiff's Motion for Summary Judgment was sustained.

Appellant-defendant below raises three points on the appeal.

He first alleges that he surrendered the leased property and by doing so denied plaintiff the right to have a summary judgment.

No genuine issue of a material fact existed. Defendant Morgan admitted execution of the lease agreement in his deposition. He did not deny execution in his answer, but alleged a failure of plaintiff to state a cause of action and that the lease agreement had been rescinded.

Rule 74.04(c) provides "judgment sought shall be rendered forthwith if the pleadings, deposition, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that any party is entitled to judgment as a matter of law."

The defendant did not deny the execution of the instrument and pursuant to Rule 55.23 when a copy of the instrument upon which claim is made is attached to the petition the execution is deemed confessed unless the party charged with the execution specifically denies the execution.

The defendant argues that he surrendered the lease. *Scaife v. Kansas City Power & Light Co.*, 637 S.W.2d 731, 733 (Mo.App.1982) cited by defendant is not supportive of him. It first of all involves a

claim for negligent acts by defendant Kansas City Power & Light. "When the moving party, as defendant did here, files affidavits, exhibits and depositions with its motion, plaintiffs may not sit idly by." *Scaife v. Kansas City Power & Light Co., supra.*

As noted, plaintiff filed suit January 29, 1982, and finally on December 30, 1982, defendant filed his Suggestions in Opposition to Summary Judgment and apparently attached an affidavit from Odell stating he could no longer afford the leased equipment, the subject of plaintiff's claim. Such affidavit does not show a genuine issue for trial. "Not every factual dispute however, will bar judgment; the dispute must involve a material fact; that is, one which has legal probative force as to a controlling issue." *Seliga Shoe Stores v. City of Maplewood,* 558 S.W.2d 328, 331 (Mo.App. 1977).

■ The defendant failed to file a verified denial. Though he filed a counter affidavit it was not contradictory of the facts. The contract had been fulfilled by plaintiff and as such the defendant could not rescind or terminate it. *Union Pacific Railroad Company v. K.C. Transit Company, Inc.,* 401 S.W.2d 528, 534 (Mo.App. 1966).

The defendant next alleges the trial court erred in not permitting him to amend his answer. On November 29, 1982, the defendant filed a Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment. The Motion for Summary Judgment having been filed November 17, 1982. The court granted the extension to December 27, 1982, per defendant's request. On January 6, 1983, defendant filed Motion and Suggestions for Leave to File Amended Answer. The motion was never ruled on.

■ Since the defendant quit paying the machine rent when due the defense of rescission is not open to him. There was no breach by the adverse party. *Hellrung v. Hoechst,* 384 S.W.2d 561, 564 (Mo.1964).

■ The trial court has broad discretion that will not be overturned by an appellate court short of showing clear abuse of discretion. *Scott v. Dowling,* 636 S.W.2d 176, 179 (Mo.App.1982); *Benson v. Geller,* 619 S.W.2d 947, 949 (Mo.App.1981).

Rule 55.33 provides that leave to amend pleadings shall be fully given when justice requires. The rule stresses liberality.

■ A party does not have an absolute right to file even a first amended petition. *Jones v. Williams,* 357 Mo. 531, 209 S.W.2d 907, 911 (1948); *Koller v. Ranger Insurance Company,* 569 S.W.2d 372, 373 (Mo. App.1978).

■ The trial court's failure to rule on Morgan's Motion to Amend is moot. The trial court was under no obligation to take up that motion before disposing of the plaintiff's motion for summary judgment.

Therefore, the trial court did not err in not ruling on defendant's motion as his proposed answer and affirmative defense offered no specific facts showing a genuine issue for trial. *Bently v. Wilson Trailer Co.,* 504 S.W.2d 277, 278 (Mo.App.1973).

Points III and IV raised by appellant are that the trial court erred in sustaining plaintiff's motion for summary judgment since there were disputes of material facts and the use of a verified deposition by plaintiff to prove its case was error as it was not properly part of the record.

■ On August 5, 1982, the deposition of defendant Odell Morgan was taken. It was brief, sixteen pages. He acknowledged executing the lease agreement and being unable to make the lease payments. Examination of Morgan by his attorney was limited to reaffirming that Morgan signed Exhibit 1 and 2. The following language concludes the deposition, "(Whereupon, the parties, by the attorneys and the witness, waived the examination of the deposition by the witness, the reading of the deposition by or to the witness, and also waived the signing thereof by the witness.)" Therefore, the court finds the defendant did waive presentment of his deposition and appellant's point is ruled against him.

Defendant relies on § 432.060, RSMo 1978 as reason enough for the trial court not to have granted the plaintiff Motion for Summary Judgment. He reads more into the statute than exists. The trial court in its letter accompanying its Order Sustaining Plaintiff's Motion for Summary Judgment quite properly noted that the statute "was not applicable to the case before the court and is not a defense to plaintiff's Motion for Summary Judgment."

The trial court did not err in granting plaintiff's Motion for Summary Judgment. Defendant failed to plead a valid affirmative defense in his answer. His admission in this deposition affirmed plaintiff's allegation.

Judgment affirmed.

All concur.