Ted L. KELDERMAN and Beverly D. Kelderman, Third–Party Plaintiffs–Appellants,

v.

Donald COMPTON, Third–Party–Respondent.

No. 52761.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 24, 1987.

Robin Edward Fulton, Fredericktown, for third-party plaintiffs-appellants.

Dana A. Hockensmith, St. Louis, for third-party-respondent.

CRANDALL, Judge.

Defendants/third-party plaintiffs, Ted L. Kelderman and Beverly D. Kelderman, his wife, (Keldermans) appeal from the dismissal with prejudice of their petition filed against third-party defendant, Donald Compton (Compton). At issue is whether the third-party claim of the Keldermans comes within the provisions of Rule 52.11 and is therefore sufficient to invoke the jurisdiction of the trial court. We hold that the pleading was sufficient and reverse and remand.

The facts, as gleaned from the pleadings, are that the Keldermans entered into an oral contract with Compton for the construction of a shell of a house. Shelter Group, Inc. (Shelter), the alter ego of Donald Compton, purchased lumber and materials from Marian Industries, Inc. (Marian), which were used in the construction of the Keldermans' house shell. Shelter did not pay Marian for the lumber and materials.

Marian brought the original action to enforce a mechanic's lien, seeking judgment against Shelter for the amount due of $8,582.24. In the event that Shelter lacked sufficient property to satisfy the money judgment, Marian sought a lien against the Keldermans' property, a declaration of priority over any other existing liens or deeds of trust, and an execution against the Keldermans' property.

The Keldermans filed a third-party petition against Compton for the sum awarded to Marian Industries and for breach of

contract. In addition, they filed a cross-claim against Shelter.

Later, the Keldermans paid the sum of $1,100 in settlement with Marian. Marian, through its successor in interest, Rimar Building Products, Inc., then dismissed with prejudice.

The Keldermans next filed a three count, first amended third-party petition: Count I sought damages for breach of contract, including the $1,100 paid in settlement to Marian; Count II claimed breach of implied warranty of title to the building materials; Count III claimed Compton had fraudulently misrepresented that all the materialmen had been paid.

The Keldermans later dismissed their cross-claim against Shelter without prejudice. On the motion of third-party defendant, Compton, the trial court dismissed with prejudice the Keldermans' third-party claim against Compton "as not coming within the ambit of Rule 52.11...."

 The right to implead is not an absolute right. Even if the claim asserted is within the scope of Rule 52.11, it is a discretionary matter with the court. The purpose of third-party practice is to avoid prejudice to the rights of others while eliminating duplication of actions and accomplishing justice through economy of litigation. *State ex rel. Green v. Kimberlin*, 517 S.W.2d 124, 126 (Mo. banc 1974). If that purpose would not be served by the adjudication of the third-party claim, it is proper for the trial court to exercise its discretion and dismiss the third-party petition. *Id.* at 126–127. In the instant case, it is clear that the trial court did not dismiss the third-party petition on a discretionary ground. Further, the trial court's ruling did not address the substantive merits of the Keldermans' petition. The sole issue, therefore, is one of jurisdiction.

The trial court has jurisdiction to adjudicate a defendant's third-party claim if the person upon which it is served "is or may be liable to him for all or any part of the plaintiff's claim against him." Rule 52.-11(a). In order to meet the jurisdictional requirements of Rule 52.11, the third-party claim must allege facts under which the third-party defendant would be liable to the third-party plaintiff if the third-party plaintiff is found to be liable to the original plaintiff. *Rabon v. Michigan Mutual Ins. Co.*, 654 S.W.2d 648, 650 (Mo.App.1983). Rule 52.11 involves passing on to the third-party defendant all or part of the liability asserted against the third-party plaintiff. *Green*, 517 S.W.2d at 126. Thus, if the third-party plaintiffs (Keldermans) could recover against the third-party defendant (Compton) even if the third-party plaintiffs (Keldermans) win the action brought by the original plaintiff (Marian), the petition would not meet the jurisdictional threshold of Rule 52.11. *See, e.g., S.P. Personnel Assoc. of San Antonio, Inc. v. Hospital Building & Equipment Co., Inc.*, 525 S.W.2d 345, 348 (Mo.App.1975).

Once jurisdiction properly attaches under Rule 52.11, a third-party plaintiff may join additional independent or alternate claims against the third-party defendant. Rule 55.06(a); *see also Rabon*, 654 S.W.2d at 650. Here, the additional claims of the Keldermans are proper pendent claims if the claim which establishes jurisdiction is proper.

In the instant case, the original action was a suit to enforce a mechanic's lien. In that action, the plaintiff named the Keldermans as landowners and sought a lien on their real estate. It is clear that a trial court cannot enter a personal judgment against a landowner in a mechanic's lien action, except where there is a direct contract with that landowner. *Hertel Electric Co. v. Gabriel*, 292 S.W.2d 95, 98 (Mo.App. 1956). Compton contends that, because the original plaintiff does not seek a personal money judgment against the Keldermans, the Keldermans are precluded, under third-party practice, from seeking a money judgment against him. Compton further argues that, since the third-party claim does not invoke the jurisdiction of the trial court, the Keldermans' pendent claims also fail.

We now address the specific issue of whether the Keldermans pleaded a proper third-party claim under Rule 52.11. To make that determination, we liberally con-

strue the averments and accept as true all well-pleaded facts and inferences favorable to the pleader. *Rabon*, 654 S.W.2d at 651. Count I averred that the Keldermans orally contracted with Compton to erect a shell of a house; that they made two separate progress payments to Compton and made the third and final payment to Shelter; that Shelter was a sham corporation, organized and operated as the alter ego of Compton; that Compton refused to pay his material-man, Marian; and that, as a result, the Keldermans paid $1,100 to settle the me-chanic's lien of Marian against their proper-ty, lost good title to their real estate, and incurred attorney's fees and costs to de-fend the action.

A mechanic's lien may be sustained only as an incident to a personal judgment against the one with whom the contract for labor or material was made, and who is either the owner or his authorized agent or one who stands in a contractual relation-ship with the owner or a contractor under him. *Hertel*, 292 S.W.2d at 98. In the original action, Marian sought a money judgment against Shelter, who was the au-thorized agent of, or occupied a contractual relationship with, the Keldermans. Marion also sought a lien against the real estate the Keldermans owned and execution of that lien, if Shelter was unable to satisfy the money judgment. Clearly, in the third-party petition, the liability of Compton, as the alter ego of Shelter, was dependent upon the liability of the Keldermans to Marian.

That the Keldermans are not personally liable on the judgment is insignificant. The lack of personal liability on the judg-ment is of little comfort to the landowner who will lose his home if the judgment is not satisfied. Admittedly, there is a dis-tinction between the two types of judg-ments. As applied to a typical mechanic's lien action, however, it is often a distinction without a difference. The contractor or subcontractor who does not pay a debt to a materialman is frequently financially insol-vent. Faced with the inability of the debt-or to satisfy the financial obligation of the judgment, the landowner must either pay or lose his property.

The Keldermans' amended petition sought reimbursement for the $1,100 they paid the plaintiff in settlement to restore the marketability of their property and to eliminate the danger of losing it through execution. They seek, *inter alia*, to pass that obligation on to Compton. There is sufficient nexus between the two claims to meet the jurisdictional requirements of third-party practice. The third-party peti-tion comes within the provisions of Rule 52.11. We therefore hold that the trial court erred in dismissing[1] Count I of the Keldermans' third-party petition as well as the pendent claims asserted in Counts II and III of that petition.

The order of the trial court is reversed and the case is remanded.

SATZ, P.J., concurs in result only.

DOWD, J., concurs.

---

1. We note that Rule 52.11 provides that "any party may move *to strike* the third-party claim...." (emphasis added). Here, the trial court's ruling was not a ruling on the intrinsic merits of the pleading. *See State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924 (Mo.App.

1978). "The correct remedy for the situation where the petition states a cause of action but is not the proper subject of a third party petition is striking the pleading, not dismissal." *AAA Excavating, Inc. v. Francis Construction, Inc.*, 678 S.W.2d 889, 894 (Mo.App.1984).