**CITY OF LAKE LOTAWANA,**
**Plaintiff-Respondent,**

v.

**Michael MEAGHER,**
**Defendant-Appellant.**

**No. KCD 29879.**

Missouri Court of Appeals,
Western District.

April 30, 1979.

**106**

Milton B. Edmonson, Greenwood, for appellant.

Carl L. Chinnery, David C. Stover, Chinnery, Stover & Waldo, Lee's Summit, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

Defendant appeals his conviction for a violation of the ordinances of the City of Lake Lotawana, after an unsuccessful de novo review of the conviction in the Circuit Court of Jackson County.

A single issue is dispositive of the appeal. The defendant's contention is that the ordinances upon which his conviction rests are invalid. Because the ordinances in question are invalid as being in excess of the City's power, the contention must be sustained.

Only certain salient facts are necessary to a determination of the issue. The defendant was convicted of a violation of the Water Traffic Code of the City of Lake Lotawana, which is a fourth class city. Within the city limits of the City is a body of water known as Lake Lotawana. The title to that body of water is vested in the Lake Lotawana Development Co., a private corporation. The use of the lake by residents is upon the basis of covenants contained in the deeds to their property. There is no right in the general public to utilize the lake for any purpose. The defendant filed a motion asserting that the ordinances in question were beyond the powers of the city; the motion was overruled in the trial court and again by the Circuit Court.

The thrust of defendant's argument is simple. He asserts that under Article VI, Section 5, Mo.Const., the powers of a municipality of the fourth class are limited to those delegated by the legislature. The further argument is that no statute expressly provides authority to the city to regulate private waters within the city and, in fact, the only legislative enactment on the subject, Chapter 306 RSMo 1969, expressly excepts privately owned lakes from such regulation. The city counters by arguing that the ordinances are authorized under the general police power of the city embodied in § 79.450(7) RSMo Supp.1975.

It is a well-settled principle of local government law in Missouri that "[a] city has no inherent police power. Its authority to exercise such power within a particular field must come from a specific delegation by the state or in certain cases from the express or fairly implied grant of powers of its charter." *Tietjens v. City of St. Louis*, 359 Mo. 439, 222 S.W.2d 70, 73 (Mo. banc 1949).

*Tietjens* was relied upon and followed by the Supreme Court in *Anderson v. City of Olivette, et al.*, 518 S.W.2d 34, 37–38 (Mo. 1975). In *Anderson*, the court specifically rejected an argument that the general police power could supply authority for the regulation of an activity which the statutes authorizing regulation failed to specify.

Under this principle limiting the exercise of the police power of a city to subjects upon which the legislature has delegated authority, the provisions of Chapter 306 relating to the regulation of watercraft are pertinent. The relevant portions are as follows:

"306.010. Definitions. As used in this chapter the following terms are construed to have the following meanings, except in those instances where the context clearly indicates otherwise:

.    .    .    .    .

(7) 'Waters of this state', any waters within the territorial limits of this state that are navigable, *except bodies of water owned by a person, corporation, association, partnership, municipality or other political subdivision*, public water supply impoundments, and except drainage ditches constructed by a drainage district, but the term does include any privately owned body of water which has been leased to the state department of conservation." (Emphasis added). RSMo Supp.1975.

"306.190. Applicability of regulations—local regulations

1. The provisions of this chapter, and of other applicable laws of this state shall govern the operation, equipment, numbering and all other matters relating thereto whenever any vessel shall be operated on the waters of this state, or when any activity regulated by this chapter shall take place thereon; but nothing in this chapter shall be construed to prevent the adoption of any ordinance or local law relating to operating and equipment of vessels the provisions of which are identical to the provisions of this chapter, amendments thereto or regulations issued thereunder; except that the ordinances or local laws shall be operative only so long as and to the extent that they continue to be identical to provisions of this chapter, amendments thereto or regulations issued thereunder.

2. Any city or subdivision of this state may adopt special rules and regulations with reference to the operation of vessels on any waters owned by the city or political subdivision.

3. The provisions of this chapter shall not apply to farm ponds not commercially operated for boating purposes." RSMo 1969.

Section 306.010(7) RSMo Supp.1975, isolates the central problem in this case. Under the definition of "Waters of this state," bodies of water owned by "a person, corporation, association, partnership, municipality or other political subdivision . . . ." are specifically excepted. The record in this case shows that the lake is owned by Lake Lotawana Development Company, a *corporation*. Thus, not only does the state statute not authorize regulation of private lakes by municipalities, it specifically excludes them by definition from the operation of the statute. That exclusion is strengthened by the language of Section 306.190 which, by its terms, allows ordinances or local laws "only so long as and to the extent that they continue to be identical to provisions of this chapter, amendments thereto or regulations issued thereunder." When read with the definition in § 306.-010(7), it becomes obvious that the City of Lake Lotawana acted without statutory authority in enacting its Water Code.

The City relies on *City of Springfield v. Mecum*, 320 S.W.2d 742 (Mo.App.1959), where the court found that the ordinance in question, one limiting the horsepower of motorboats on Lake Springfield, was a valid exercise of police power authorized by a state statute. This holding was premised upon specific authority to regulate property owned by the city. The lake in question was, in fact, owned by the City of Springfield. That case has no application to the instant case.

The City also attempts to bring the ordinances in question within the principle of *Nemours v. City of Clayton*, 237 Mo.App. 497, 175 S.W.2d 60 (1943). In that case, the court held that the city could extend control over a private street pursuant to statutes authorizing control of city streets when the general public had been permitted to use the private street without restriction. The City asserts that since the citizens of the City each may use the lake pursuant to the covenants in their deeds, the lake has become a public lake. That limited use by the owners of the lots adjoining the lake does not make the lake public within the meaning of Section 306.010(7).

The respondent's motion to dismiss taken with the case has been rendered moot by the filing of appellant's amended brief filed pursuant to leave of court, and it is, therefore, overruled.

There being no specific statutory authority for the enactment of the ordinance under which the defendant was convicted, the ordinance must be declared invalid under the principle of *Tietjens, supra*. It follows that the conviction must be set aside, and the judgment of the circuit court is, therefore, reversed.

All concur.