**KANSAS CITY AREA TRANSPORTATION AUTHORITY, Plaintiff-Respondent,**

v.

**James G. ASHLEY, Sr., and James G. Ashley, Jr., Individually and as Co-Partners, Defendants-Appellants.**

**No. 55683.**

Supreme Court of Missouri, Division No. 2.

April 10, 1972.

William Icenogle, Harry P. Thomson, Jr., John R. Caslavka, Kansas City, for plaintiff-respondent; Shughart, Thomson & Kilroy, Kansas City, of counsel.

Hines & Magee, Homer R. Hines, L. R. Magee, Kansas City, for defendants-appellants.

DAVID J. DIXON, Special Judge.

The plaintiff, Kansas City Area Transportation Authority, was granted a permanent injunction against the defendants, a partnership, doing business as Kansas City Public Service Freight Operation. The dispute central to the issuance of the injunction involves the rights of the parties under certain documents relating to the use of parking lots adjacent to the right of way of the defendants and utilized by the Transit Authority as a part of the operation of their bus lines. The merits of the dispute need not be reached in this opinion since we must first notice the question of our jurisdiction to determine the appeal. We have the duty to examine the question of jurisdiction sua sponte. Bock v. Sheahan Investment Company, Mo., 412 S.W.2d 393. Shepherd v. Department of Revenue, Mo., 370 S.W.2d 381.

The parties contend that jurisdiction is in this Court because the plaintiff respondent is a "political subdivision of the State of Missouri" by virtue of Section 238.010, RSMo 1969, V.A.M.S. This section and following sections create an authority for the operation of the public transit system in the States of Missouri and Kansas by means of a compact executed by the State of Missouri and the State of Kansas. This entity is recognized as a body corporate and politic in the States of Missouri and Kansas. Upon the basis of those sections, the parties assert that the constitutional language of Article V, Section 3, Missouri Constitution, confers appellate jurisdiction on this Court.

This case is on all fours with St. Louis County Transit Co. v. Division of Employment Security of Department of Labor and Industrial Relations, Mo., 456 S.W.2d 334, on the issue of our jurisdiction.

We have examined the above-cited section of the statutes creating plaintiff, and no distinction between these and the statutes creating the Bi-State Development Agency appears. It is true that the language creating the Bi-State Development Agency does not use the words "political subdivision" while the statute creating the plaintiff-respondent does use the language "political subdivision." The underlying reasoning of the courts in the prior cases of Harrison and Mercer County Drain. Dist. v. Trail Creek Tp., 317 Mo. 933, 297 S.W. 1, and Conner v. Herd, Mo., 442 S.W.2d 501, is that the jurisdictional language "political subdivision" in our Constitution referred to agencies and corporate bodies which exercised governmental functions such as the levy and collection of taxes and the election of officers and definition of their powers and duties as governmental officers of the body corporate. We do not see in the statute creating the Kansas City Area Transportation Authority such a delegation of governmental functions as would constitute that agency a governmental unit requiring our jurisdiction of suits involving it as a party. Having so concluded, we find no jurisdiction in this Court and transfer the same to the Missouri Court of Appeals, Kansas City District, for determination of the issues raised on this appeal.

All of the Judges concur.