Ralph W. KOLLER, Appellant,

v.

RANGER INSURANCE CO., Respondent.

No. 39147.

Missouri Court of Appeals,
St. Louis District,
Division No. One.

July 18, 1978.

Robert J. Blackwell, Farmington, for appellant.

Raymond R. Roberts, Roberts & Roberts, Farmington, for respondent.

CLEMENS, Presiding Judge.

Plaintiff has appealed the trial court's order dismissing his original petition with prejudice. We reverse and remand with instructions to grant plaintiff leave to file an amended petition. The issue: Did the trial court commit reversible error by denying plaintiff leave to amend?

Our review is limited to the procedural question and does not reach the merits of plaintiff's petition.

Plaintiff's petition was filed July 16, 1976. Defendant moved to dismiss, charging failure to state a claim and improper venue. Various motions and memoranda followed. On March 25, 1977 the trial court dismissed plaintiff's petition for failure to state a cause of action. Plaintiff promptly moved for a new trial and to set aside and vacate, with suggestions in support thereof, and requested leave to file an amended petition pursuant to Civil Rule 67.06, VAMR. Attached was a proposed amended petition. The trial court summarily denied plaintiff's motion and request without argument. Since the dismissal was

not specified to be without prejudice under Civil Rule 67.03, VAMR, it was with prejudice and was an adjudication upon the merits. *Travelers Indemnity Company v. Chumbley*, 394 S.W.2d 418[1] (Mo.App. 1965). Plaintiff appeals from this final judgment, contending the trial court abused its discretion by refusing to grant him leave to amend. We agree.

 In *Thompson v. Fiber-Lum, Inc.*, 464 S.W.2d 514, l.c. 517 (Mo.App.1971), we said: "While there are decisions which hold that under certain circumstances a court may exercise its discretion in granting, or refusing to grant, leave to amend, an examination of the cases reveals that in general the discretion is affected by the timeliness of the application . . . ." Here, it was plaintiff's original petition which was held to be deficient (rightly or wrongly we are not called upon to decide) and in accordance with the letter as well as the spirit of Civil Rules 67.05 [now 67.06] and 55.53, the general policy is stated in *Dietrich v. Pulitzer Publishing Co., Mo.*, 422 S.W.2d 330[8] (Mo. 1968): "Ordinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired." See also, Civil Rules 55.33(a) and 67.06, VAMR.

The trial court's record shows plaintiff made a timely request for leave to file his amended petition and had been given no previous opportunity to do so before the court dismissed his petition. Plaintiff showed good faith by providing the trial court with his amended petition and giving reasons the amendment should be permitted. There is nothing in the record to indicate prejudice to the defendant or harmful consequence of delay.

Defendant fails to prove—and we find no authority to support—his contention the trial court did not err. In *Cady v. Hartford Accident and Indemnity Co.*, 439 S.W.2d 483[6] (Mo.1969), the trial court was held not to have abused its discretion in dismissing plaintiff's *third* petition without leave to amend where plaintiff did not request leave to do so and did not demonstrate what facts he would allege if leave were granted. In *Saigh v. Busch*, 396 S.W.2d 9[30] (Mo.App.1965), we ruled on the *fifth* attempt by plaintiffs to meet the inadequacies of their petition. Those cases are not in point.

We know a party does not have an absolute right to file even a first amended petition. *Jones v. Williams*, 357 Mo. 531, 209 S.W.2d 907[8] (1948). A trial court's discretion, however, is limited by Civil Rule 67.06, VAMR: "On sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed." In *Prewitt v. Continental Ins. Co.*, 538 S.W.2d 902[10] (Mo.App.1976), we said: " 'The whole spirit of our present rules of practice is to freely permit amendments to pleadings "when justice so requires." ' "

We hold the dismissal with prejudice was too harsh and the court's refusal to grant plaintiff leave to file an amended petition was an abuse of discretion.

Judgment reversed and the cause remanded with instructions to grant plaintiff leave to file an amended petition.

SMITH, and McMILLIAN, JJ., concur.