Clyde BOYD, Appellant,

v.

KANSAS CITY AREA TRANSPORTATION AUTHORITY, Respondent.

No. WD 31184.

Missouri Court of Appeals,
Western District.

Dec. 30, 1980.

Charles C. Shafer, Jr., Kansas City, for appellant.

Norman O. Sanders, George H. Barr, Kansas City, for respondent.

Before PRITCHARD, P. J., WASSER-STROM, C. J., and SWOFFORD, J.

PER CURIAM.

Clyde Boyd filed suit against the Kansas City Area Transportation Authority in two counts for the tort of outrageous conduct and for failure to deliver a service letter to him. The court sustained a motion to dismiss each count and thereafter denied Boyd leave to amend his petition.

On this appeal Boyd contends each count stated a cause of action and should not have been dismissed, but in the event the counts did not state a cause of action, the court erred in failing to grant him leave to amend.

Count I alleged that Boyd was the ranking supervisory person on duty at the ATA when 4,000 gallons of diesel fuel was dumped into a tank containing 11,000 gallons of motor oil. The petition alleged the ATA attempted to use the mixture and details attempts made thereafter to overcome the difficulties encountered in using it.

This count alleged that the executive director of the ATA publicly stated that Boyd would be disciplined for the dumping of the diesel fuel into the motor oil but that the discipline would remain confidential. The count further alleged that, in fact, Boyd was not disciplined but was fired.

■ The elements of the cause of action for outrageous conduct were outlined in *Leonard v. Pioneer Finance Co.*, 568 S.W.2d 937, 940[1–3] (Mo.App.1978). In comparing the allegations of Count I with the requirements of this cause of action, it is apparent that the court was correct in holding that this count did not state a cause of action.

■ Count II alleged that Boyd wrote to the ATA requesting a service letter under § 290.140,[1] RSMo 1978, but that a letter was never supplied to him. The petition alleged that the ATA is a body politic created by a compact between the States of Missouri and Kansas which was approved by Congress.

On this appeal, the ATA contends Count II was properly dismissed because it was not organized under the general business corporation laws of Missouri, Chapter 351. The argument continues that since the petition does not allege the ATA is a corporation and it alleges the creation of the ATA by a compact between Missouri and Kansas,

---

1. This court is aware that the United States District Court for the Western District of Missouri has held this section unconstitutional and that this question is presently pending before the Supreme Court of Missouri. No question was raised in the motion to dismiss nor is any presented on this appeal as to the constitutionality of that section. Obviously, this question will be considered in the future course of this case.

it is not a corporation within the meaning of § 290.140.[2]

In *Cheek v. Prudential Insurance Co.*, 192 S.W. 387, 391[3, 4] (Mo.1917) the court held that what is now § 290.140 applies to all corporations doing business in this State. This indicates that a corporation, to come within § 290.140, need not be a corporation organized under Chapter 351. In *Kansas City Area Transportation Auth. v. Ashley*, 478 S.W.2d 323, 324[2] (Mo.1972) the court held that the ATA is an entity recognized as a body corporate and politic in the States of Missouri and Kansas. *Ashley* further held that the ATA is not a political subdivision and although it did not explicitly hold that it is a corporation, the clear inference is that the court considered it a corporation.

Section 238.010 authorized the appointment of commissioners to enter into a compact on behalf of Missouri with the State of Kansas for the creation of the ATA. Article 3 of the compact provides the ATA shall be a "body corporate and politic" and by sub-section (3) thereof the entity was given the power to contract and to sue and be sued.

In *Utah State Building Com'n v. Great American I. Co.*, 140 P.2d 763, 766[2] (Utah 1943) the court stated that "the term 'body politic' is an old term for a corporation or an association of individuals, and usually applied to the state or other public associations." With reference to the term "body corporate" the court stated:

> [T]he term "body corporate" is a term of more common usage. 1 Bouv. Law Dict., Rawles Third Revision, p. 374, says: "Body corporate: An early and undoubtedly correct term to apply to a corporation." At 8 Corpus Juris, p. 1136, the term "body corporate" is defined as a corporation; 11 C.J.S. Body p. 379 states: "Body corporate is a term applied to corporations, public and private."

Black's Law Dictionary, Fifth Edition, defines "body corporate" as a public or private corporation.

The term "body corporate" appears in the constitution and statutes of this state some ninety times. It is clear from a review of the way in which this term is used in the statutes that the legislature has consistently used it to refer to corporations both public and private. Section 1.030 provides that any subject matter, party or person, described or referred to in the statutes shall include bodies corporate as well as individuals. Section 352.020 provides that religious and charitable associations may become a body corporate and politic. Section 377.-220.3 provides that stipulated premium life insurance companies, when incorporated, shall become a body corporate and politic.

The above examples should suffice to illustrate that the legislature has used the term "body corporate" to refer to corporations, thus when the ATA was created as a body corporate and politic it became, in fact, a corporation.

Since § 290.140 applies to all corporations doing business in this State, *Cheek, supra*, it is apparent that § 290.140 would include the ATA. This court holds that the ATA is a corporation within the meaning of that term as used in § 290.140.

While the petition alleged only that the ATA was a body politic, it did refer to the compact creating the ATA. While it might have been desirable to have alleged the ATA was a body corporate, the term "body politic" has been frequently used in conjunction with the term "body corporate." The failure to include "body corporate" with "body politic" was not sufficient to justify dismissal of that count as a failure to allege that the ATA was a corporation.

■ Further, the dismissal without leave to amend was an abuse of the court's discretion. Rule 67.06 states that on sustaining a motion to dismiss, the court shall freely grant leave to amend. The dismissal without specifying that it was to be without prejudice meant the dismissal was with prejudice. Rule 67.03; *Koller v. Ranger Insurance Co.*, 569 S.W.2d 372, 373[1, 2] (Mo.App.1978).

---

**2.** All statutory references are to RSMo 1978, unless otherwise noted.

On the question of granting leave to amend after the dismissal of the first petition, *Koller* quoted from *Dietrich v. Pulitzer Publishing Company*, 422 S.W.2d 330, 334[8] (Mo.1968):

"Ordinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired."

One week after the court ordered each of Boyd's counts dismissed without elaboration, Boyd filed a motion to set aside the dismissal and requested leave to file an amended petition. The court entered an order, also without elaboration, denying the motion.

The dismissal with prejudice without leave to amend was too harsh and Boyd should be granted leave to amend his petition. *Koller, supra.*

The judgment is reversed and the cause is remanded with instructions to reinstate Count II of the petition and to grant Boyd leave to amend his petition as to any or all counts.