PENNYRICH, INC. et al., Appellants,

v.

LAWTON–BYRNE–BRUNER
INSURANCE AGENCY et
al., Respondents.

No. 42603.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 10, 1981.

James M. Martin, Mark R. Bahn, Leonard P. Cervantes, Martin, Bahn & Cervantes, St. Louis, for appellants.

Ronald C. Willenbrock, St. Louis, for respondents.

REINHARD, Judge.

Plaintiffs appeal the dismissal of their suit to enforce an oral insurance contract. Their petition, filed on October 13, 1978, alleged that the contract was entered into and breached in 1972. The trial court on January 4, 1980 dismissed the petition for failure to state a claim upon which relief could be granted or in the alternative, as being barred by the applicable five-year statute of limitations. § 516.120(1), RSMo 1978. We affirm.

On appeal, plaintiffs admit that this suit was filed more than five years after their alleged cause of action arose in 1972. They argue, however, that because an identical suit filed within the five-year period had been nonsuited on December 20, 1977, they are granted by statute an additional one year grace period within which to file a new suit. Plaintiffs base this contention on § 516.230, RSMo 1978, the so-called "Savings Statute," which provides:

If any action shall have been commenced within the times respectively prescribed in section 516.010 to 516.370, and the plaintiff therein suffer a non-suit, ... such plaintiff may commence a new action from time to time, within one year after such non-suit suffered ....

A history of the case shows that plaintiffs filed the first of several suits against defendant Lawton-Bryne-Bruner Insurance Agency, Inc. and others in 1973 alleging the same facts and claim as alleged in the suit at bar. In 1977, after a series of amendments, dismissals, and refilings, the court sustained defendant's motion to dismiss for

failure to state a claim upon which relief could be granted. The court's order made no mention of whether that dismissal was with or without prejudice. Plaintiffs did not appeal. Within one year thereafter, plaintiffs filed their petition one more time relying upon the "Savings Statute." The 1980 dismissal of that lawsuit is the basis of this appeal.[1]

 The language of § 516.230, RSMo 1978 is clear. If plaintiffs did "suffer a non-suit" in 1977 when their petition was dismissed for failure to state a claim, then the instant suit, filed within one year of that dismissal, is saved by the statute. Plaintiffs concede that if the 1977 dismissal for failure to state a claim was with prejudice, it was not a "non-suit." In that situation, the trial court's dismissal of the instant suit in 1980 would not be error.

There is no question that the 1977 dismissal was involuntary. Plaintiffs opposed it. They argue, however, that it was "without prejudice."

Rule 67.03 provides:

A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and *any involuntary dismissal* other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent *shall be with prejudice unless the court in its order for dismissal shall otherwise specify* . . . .

(emphasis supplied).

As stated in *Koller v. Ranger Insurance Company*, 569 S.W.2d 372 (Mo.App.1978): "Since the dismissal was not specified to be without prejudice under Civil Rule 67.03, V.A.M.R., it was with prejudice and was an adjudication upon the merits." *Id.* at 372.

We are not presented with the issue of whether the 1977 dismissal for failure to state a claim was proper. That order was not appealed.

 Finding as we do, that the 1977 dismissal for failure to state a claim was with prejudice and a final judgment upon the merits, the plaintiffs did not "suffer a non-suit" in 1977. Therefore, the cause of action dismissed in 1980 is not saved by § 516.230, RSMo 1978. *See also Johnson v. United Railways Co. of St. Louis*, 243 Mo. 278, 147 S.W. 1077 (Mo.1912).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

---

1. Plaintiff initially appealed from a dismissal of this suit against both defendant Lawton-Byrne-Bruner Insurance Agency and defendant Hebbeln. In the points and argument portion of their brief, plaintiffs fail to refer to defendant Hebbeln when discussing alleged errors. We therefore deem the portion of the appeal pertaining to Hebbeln abandoned. *Mahaffy v. City of Woodson Terrace*, 609 S.W.2d 233, 237 (Mo.App.1980).