NORTHEAST PAINTING COMPANY,
Appellant,

v.

AOC INTERNATIONAL (U.S.A.),
LTD., Respondent.

No. WD 43714.

Missouri Court of Appeals,
Western District.

April 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

Salvatore J. Mirabile, Kansas City, for appellant.

Dennis L. Davis, Kansas City, for respondent.

Before KENNEDY, P.J., and SHANGLER and ULRICH, JJ.

KENNEDY, Presiding Judge.

Plaintiff Northeast Painting Company appeals from a judgment in a court-tried case in favor of defendant AOC International (U.S.A.), Ltd., in Northeast's quantum meruit claim for labor and materials furnished in painting and decorating AOC's building. The judgment followed the sustention of defendant's motion for judgment made at the close of all the evidence.

The facts are as follows:

AOC entered into a contract with general contractor Dasta Construction Company for the construction of the building for a total price of $980,547.00. Dasta entered into a $24,619.00 subcontract with Northeast Painting for the decorating portion of the contract. The building was duly completed under the general contract. Northeast Painting fully performed its subcontract. AOC never paid Dasta Construction for the Northeast Painting portion of the contract, nor did Dasta Construction pay Northeast Painting. Dasta Construction went into bankruptcy.

Northeast Painting, along with others who had furnished labor or materials, or both, for the AOC building, filed mechanics liens against the real estate, and then a suit for the enforcement of the liens. Because Northeast Painting had not given the requisite 10 days' notice to the property owner of its intention to file the mechanic's lien, Section 429.100, RSMo., a summary judgment was granted to AOC in the mechanic's lien enforcement suit. *See Structo Corp. v. Leverage Inv. Enter., Ltd.*, 613 S.W.2d 197, 201 (Mo.App.1981). Northeast Painting then filed the present quantum

meruit suit, seeking a money judgment against AOC for the reasonable value of its labor and materials furnished for the AOC building.

AOC had paid Dasta $408,612.00 on its contract and had paid an additional $614,-621.21 directly to subcontractors who had filed mechanic's liens, in settlement of their lien claims. AOC thus had paid a total of $1,023,233.21 for the improvement for which it had contracted with Dasta at a price of $980,547.00.

■ A property owner who has paid a defaulting general contractor the full amount of the construction contract, is not personally liable in quantum meruit to a subcontractor for the amount of his subcontract when the general contractor defaults in payment thereof, although the property may be subject to a mechanic's lien for the subcontractor's claim. *Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261, 266–67 (Mo.App.1984). This principle denies Northeast's claim in this case, even though the contract price was paid, not directly to the general contractor, but partly to the general contractor, and an amount greater than the contract balance to subcontractors who had not received payment from the general contractor and who had filed mechanic's liens.

A similar situation was presented by *International Paper Co. v. Futhey*, 788 S.W.2d 303 (Mo.App.1990), where the property owner had paid part of the contract price to the contractor, who then defaulted in completing the contract. The property owner, to complete the improvement called for by the contract, spent an amount greater than the balance owing on the contract price. The court held the property owner was not unjustly enriched by the materials furnished by the subcontractor, and the subcontractor could not recover by way of a quantum meruit claim against the property owner.

In the case now before us, AOC was forced to discharge the subcontractors' mechanic's liens. AOC was not unjustly enriched. "Quantum meruit is a remedy for the enforcement of a quasi contractual obligation and is based primarily on the princi-ple of unjust enrichment." *International Paper Co., supra*, 788 S.W.2d at 306. It may not be held liable in quantum meruit to plaintiff Northeast Painting.

■ As another point, plaintiff says the trial court erroneously granted AOC's application for change of judge. Error cannot be predicated on the erroneous grant of a change of judge. A party is entitled to no particular judge. Plaintiff did not seek to disqualify the judge who was assigned to hear the case. This point is denied.

Judgment affirmed.

All concur.