### REFRIGERATION SUPPLIES, INC., Plaintiff–Appellant,

v.

### J.L. MASON OF MISSOURI, INC., et al., Defendants–Respondents.

### No. 64153.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1994.

[black redaction blocks]

Garry Seltzer, Clayton, for plaintiff-appellant.

Armstrong, Teasdale, Schlafly & Davis, Byron E. Francis, Michael A. Chivell, David G. Loseman, St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiff, Refrigeration Supplies, Inc., appeals from the trial court's dismissal with prejudice of its petition to enforce certain mechanic's liens against defendants, J.L. Mason of Missouri, Inc., et al. We reverse and remand.

Plaintiff[1] filed a multi-count petition on May 3, 1991 against defendants, which included J.L. Mason of Missouri, Inc. (Mason), homeowners, lending institutions, and trustees. In certain counts, plaintiff sought to enforce numerous mechanic's liens against homes constructed by defendant Mason. In other counts, plaintiff sought relief in quantum meruit and for breach of contract. Defendants filed a motion to dismiss plaintiff's mechanic's lien counts on the basis that the petition failed to state a cause of action with regard to the mechanic's liens. The trial court granted defendants' motion to dismiss, specifically because of "[p]laintiff's failure to state the first dates upon which materials were furnished." The court denied plaintiff's "oral" motion for leave to amend its petition. The trial court also found there was no just reason for delay and designated its order final for purposes of appeal. *See* Rule 74.-01(b). Plaintiff appeals only from the order of the trial court relating to the mechanic's lien counts of its petition; the other claims remain pending.

■ Plaintiff's first allegation of error is that the trial court erred in dismissing with prejudice[2] the mechanic's lien counts of the

---

1. Plaintiff joined with three other lien claimants in filing the original mechanic's lien action in circuit court. After the notice of appeal was filed in the instant action, the other lien claimants settled their cases, with the result that plaintiff is the only remaining party on appeal.

2. Here, the trial court did not specify that plaintiff's petition was dismissed with prejudice. Where the court dismisses a petition for failure to state a cause of action and does not designate the dismissal to be without prejudice, the dismissal is with prejudice and is an adjudication

petition. Plaintiff argues that the petition was legally sufficient to state a cause of action to enforce the mechanic's liens, in that it substantially complied with the statutory requirements for mechanic's liens.

■ Section 429.080, RSMo (1986) prescribes the elements which must be included in a lien filed with the circuit court:

It shall be the duty of every original contractor, every journeyman and day laborer, and every other person seeking to obtain the benefit of the provisions of sections 429.010 to 429.340, within six months after the indebtedness shall have accrued to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the name of the owner or contractor, or both, if known to the person filing the lien, which shall, in all cases, be verified by the oath of himself or some credible person for him.

Section 429.180, RSMo (1986) provides that the petition for a mechanic's lien "shall allege the facts necessary for securing a lien" under Chapter 429. The indebtedness is deemed to have "accrued" on the day the last work was done. *J.R. Meade Co. v. Forward Constr. Co.*, 526 S.W.2d 21, 28 (Mo.App.1975).

Plaintiff filed an "Equitable Petition to Enforce Mechanic's Liens." Count I of the petition set forth the "General Allegations" relative to each lien. Plaintiff alleged that it was the original contractor; that it sold materials to Mason as "one continuous running and connected account"; that it would set forth a specific legal description of the lots on which it sought to impress the liens; and that "within six (6) months prior to filing of its Mechanic's Lien, the last of said materials were furnished and used in said buildings, appurtenances, and improvements...." Plaintiff also averred that "within six (6) months after said demand accrued, ... [it] filed in [circuit court] a just and true account upon the merits. *Koller v. Ranger Ins. Co.*, 569

of ... [its] demand after allowing all just credits and offsets thereon...."

■ In general, a motion to dismiss for failure to state a cause of action may be sustained only where the petition failed to allege facts essential to recovery. *Arana V. Koerner*, 735 S.W.2d 729, 735 (Mo.App.1987). In determining whether sufficient facts are stated, the petition is to be broadly construed in plaintiff's favor, with all allegations and reasonable inferences therefrom accepted as true. *Id.*

■ Because the statutes creating mechanic's liens are remedial in nature, they are to be construed as favorably to the materialmen as their terms permit. *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 84 (Mo.App. 1979). In determining whether a petition states a claim, that petition is to be favorably construed and given the benefit of every reasonable and fair intendment. *Id.* A liberal construction effectuates the object and purpose of the mechanic's lien statutes and protects the claims of the mechanics and materialmen. 56 C.J.S. Mechanics' Liens § 5 (1992).

■ Viewing the petition before us in light of these principles, plaintiff's petition averred facts sufficient to satisfy § 429.180. Although plaintiff did not specify either the first or the last date of work, the petition did state that the liens were filed in the circuit court "within six months after the demand accrued." This phrase mirrors the language of § 429.080, which does not mandate that the petition set forth the exact dates the work was started or completed.

In *Yamnitz*, 586 S.W.2d at 84, the petition for a mechanic's lien alleged that the construction was completed "on or about —— 1974." This court found that plaintiff's petition was sufficient to state a claim for a mechanic's lien, despite plaintiff's failure to furnish the exact date the indebtedness accrued. This court held that, by implication, the date fell within six months of the filing date of June 21, 1974, because any date in 1974 would so fall. This court found that plaintiff's petition complied with § 429.080.

S.W.2d 372, 373 (Mo.App.1978).

Here, plaintiff's averment that the liens were filed within six months after the indebtedness accrued establishes that the filing was within the six month period required by § 429.080. As in *Yamnitz*, it is immaterial that plaintiff did not set forth the exact date, as long as plaintiff affirmatively showed that the filing occurred within the statutory six month period.

Although the petition in the instant action could have been more precise about the date or dates the indebtedness accrued, plaintiff's petition substantially complied with the statute and was sufficient to withstand a motion to dismiss with prejudice. While plaintiff's petition may well be subject to a motion for a more definite statement, *see* Rule 55.27(d), the trial court's dismissal of plaintiff's petition with prejudice was erroneous.

Defendants contend that if the absence of the dates did not justify the dismissal of plaintiff's petition, there were other grounds asserted in the motion for dismissal which could serve as alternative bases for the trial court's granting the dismissal. *See State ex inf. Riederer ex rel. Pershing Square Redevelopment Corp. v. Collins*, 799 S.W.2d 644, 647 (Mo.App.1990). We have reviewed defendants' claims and find them without merit. Plaintiff's first point is granted.

In his second point, plaintiff contends that the trial court abused its discretion when it denied plaintiff's motion for leave to amend its petition. *See* Rule 55.33. Plaintiff characterizes its motion as "oral." We have reviewed the record on appeal and find no record of the motion at issue. In the absence of what was before the trial court, we are unable to adequately review plaintiff's claim of error on appeal. Plaintiff's second point is denied.

The judgment of the trial court is reversed and the cause is remanded.

REINHARD and CRIST, JJ., concur.