**BOLIVAR INSULATION COMPANY, d/b/a A–1 Insulation and Materials Co., Appellant,**

**v.**

**BELLA POINTE DEVELOPMENT, L.L.C., Trendwest Resorts, Inc., and Worldmark, The Club, Respondents.**

No. 26641.

Missouri Court of Appeals, Southern District, Division Two.

July 8, 2005.

Kerry D. Douglas, Douglas, Haun & Heidemann, P.C., Bolivar, for appellant.

Bryan O. Wade, Ginger K. Gooch, Husch & Eppenberger, LLC, Springfield, for respondents Trendwest and Worldmark the Club.

JOHN E. PARRISH, Presiding Judge.

Bolivar Insulation Co. d/b/a A–1 Insulation and Materials Co. (A–1) appeals a summary judgment granted Trendwest Resorts, Inc. (Trendwest) on A–1's action to enforce a mechanic's lien and denial of its motions for summary judgment on claims against Bella Pointe Development, L.L.C. (Bella Pointe) and against Trend-

west and Worldmark, The Club (Worldmark). This court reverses the judgment awarded Trendwest and remands, and dismisses A–1's appeal of the denial of its motions for summary judgment.

Trendwest owns property known as "Worldmark, The Club at Lake of the Ozark" (the Worldmark property). Trendwest entered into a purchase agreement with Bella Pointe for the Worldmark property in March 2000. Trendwest has been sole owner of the Worldmark property since June 28, 2000. Bella Pointe agreed to act as general contractor for Trendwest in constructing a condominium project on the property. A–1 was one of a number of contractors hired by Bella Pointe to assist with the construction project.

### Trendwest's Motion for Summary Judgment against A–1

A–1 filed a notice of claim of mechanic's lien August 23, 2001, in the amount of $12,820.66 "for work and labor done and/or material furnished" on improvements to Building C of the Worldmark property. A–1 filed a mechanic's lien on the property September 12, 2001, and an action to enforce the mechanic's lien December 18, 2001.

Trendwest moved for summary judgment as to A–1's action to enforce its mechanic's lien. Trendwest contended the mechanic's lien filed by A–1 did not state "a just and true account of the demand due" or a "true description of the property" as § 429.080[1] requires. Trendwest alleged that what A–1 filed was "merely a handwritten note that lacks any itemization of materials used, labor expended, or a precise description of the Property."

The trial court granted summary judgment for Trendwest against A–1. It declared:

1. References to statutes are to RSMo 2000.

The undisputed facts establish that A–1 Insulation's "just and true account" is inadequate on its face and fails to satisfy the conditions necessary to establish and perfect a mechanic's lien. Chapter 429 RSMo. (2000). The A–1 "just and true account" fails to identify (1) the date of work, (2) location of work, (3) sufficiently describe the materials provided, (4) the labor performed, and (5) the prices charged. Any one of the five deficiencies, standing alone, is enough to make the lien defective as a matter of law.

The trial court "dismiss[ed] the mechanic's lien filed by A–1 Insulation . . . ." It further found no just reason for delay in entering judgment. *See* Rule 74.01(b).

■ A–1's first point on appeal argues that the trial court erred in granting summary judgment "because the admissible, competent evidence submitted by [A–1] refuted the property owners' claims of deficiencies under Chapter 429 RSMO. and such evidence demonstrated that [A–1's] enforcement process followed applicable Missouri law."

Section 429.080 states requirements for asserting a mechanic's lien. It provides:

It shall be the duty of every original contractor, every journeyman and day laborer, and every other person seeking to obtain the benefit of the provisions of sections 429.010 to 429.340, within six months after the indebtedness shall have accrued to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the

name of the owner or contractor, or both, if known to the person filing the lien, which shall, in all cases, be verified by the oath of himself or some credible person for him.

A–1's lien described the account for which it sought recovery as:

As per attached B

TOTALS: $12,820.66 [2]

CREDITS: $ 0.00

TOTAL NOW DUE $12,820.66

The "attached B" is a copy of an invoice that states materials were sold to "Bella Point [sic]." It states a delivery site of "54–29 Bld C" and describes the materials, quantity, and installation as: "Crawlspace 3rd–4th Level"; "R–1315 2x4 EXT Walls," total feet 7504; "R–1115 R Bath–Party Wall," total feet 10944; "R 7925 R/F Between Floors" total feet 12292; and "100 Proper vent." The real estate is stated to be in Camden County, Missouri, at "BUILDING 'C' OF TRENDWEST RESORTS INC., WORLD MARK—CLUB AT LAKE OF THE OZARK PER ATTACHED LEGAL A AS PLATTED IN CAMDEN COUNTY MISSOURI." "Exhibit A" attached to the lien statement is a metes and bounds legal description of real estate. The lien statement states "said premises, buildings, and improvements belong to and owned by: TRENDWEST RESORT, INC AN OREGON CORPORATION." The invoice attached to the lien statement states $12,820.16 as the amount charged.

The invoice for the materials reflects the date of "3–23" and a "date stamp" of "MAR 28, 2001." The lien statement is stamped as filed with the circuit clerk September 12, 2001. From the dates set forth on the lien statement and the allegations in the pleading by which A–1 seeks to enforce the lien, A–1 is asserting the materials in question were provided within six months of the date the pleading was filed, i.e., within six months preceding September 12, 2001. Section 429.080 does not require a lien statement to identify the exact date work was performed or material was provided, but that the lien be filed within six months after the demand accrued.

 The statutes creating mechanic's liens are remedial in nature. *Refrigeration Supplies, Inc. v. J.L. Mason of Missouri, Inc.*, 872 S.W.2d 105, 107 (Mo.App. 1994). Pleadings setting forth a lien and seeking its enforcement are to be favorably construed and given the benefit of every reasonable and fair intendment. *Id.* A–1's lien and petition to enforce the lien affirmatively assert sufficient information to meet the statutory requirement that the date of the work be disclosed, and the date disclosed is within the period required by § 429.080 for filing the lien.

The lien statement identifies the location of the work or material by stating the delivery site and the installation of materials, and by attaching a legal description of the real estate on which Building C is located. The materials provided and the labor performed are set forth in the lien statement.

 Determination of the adequacy of a lien statement turns on whether the statement provides detail and itemization sufficient to enable the owner to investigate and determine the propriety of the lien claim. *Commercial Openings, Inc. v. Mathews*, 819 S.W.2d 347, 350 (Mo. banc 1991).

[F]ailure to itemize individual prices for furnished material has never been regarded as fatal to the sufficiency of a

---

**2.** The lien statement states the amount charged as $12,820.66. The "attached B" invoice appears to state the amount charged as $12,820.16. The difference is *de minimis* and is of no consequence.

subcontractor's lien statement. *See, e.g., Glasco Elec. Co. v. Best Elec. Co.,* 751 S.W.2d 104, 108 (Mo.App.1988); *S & R Builders & Suppliers, Inc. v. Marler,* 610 S.W.2d [690] at 696–97 [ (Mo.App. 1980) ]. All that is required is that the lien statement "advise the owner or the public of the *total amount due* and the nature of the materials furnished." *Glasco Elec. Co. v. Best Elec. Co.,* 751 S.W.2d at 108 (emphasis added).

*Id.*

The lien statement sufficiently described the materials provided and the prices charged to meet the requirements of § 429.080. A–1's assertion that the trial court erred in finding that the just and true account provided by the lien statement was inadequate and failed on its face to satisfy conditions necessary to establish and perfect a mechanic's lien is well taken.

■ Other grounds were asserted in the motion for summary judgment that were not addressed in the trial court's findings. Those grounds will be addressed for the reason that a summary judgment is to be sustained on appeal on any theory that supports the judgment that was granted. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.,* 854 S.W.2d 371, 387–88 (Mo. banc 1993); *Birdsong v. Christians,* 6 S.W.3d 218, 223 (Mo. App.1999).

■ Trendwest contended it was entitled to summary judgment because A–1 provided seven lien waivers that acknowledged payments and a final lien waiver, and that Trendwest had fully paid the contractor who ordered the materials that were used in Trendwest's building. None of the lien waivers, however, relate to work done to Building C. A–1's claim is directed to a lien on Building C. Trendwest's contention that it had lien waivers for the claim for which A–1 sought a lien was not supported by the record before the trial court.

■ Trendwest's claim that it did not owe the obligation for which A–1 sought relief because Trendwest had paid its contractor, Bella Pointe, did not entitle it to summary judgment in that a property owner who has fully paid a contractor is still subject to a claim for mechanic's lien against its property by a subcontractor against which the contractor has defaulted. *Northeast Painting Co. v. AOC Intern. (U.S.A.), Ltd.,* 831 S.W.2d 711, 712 (Mo. App.1992); *Frank Powell Lumber Co. v. Federal Ins. Co.,* 817 S.W.2d 648, 652 (Mo. App.1991). Point I is granted. The summary judgment against A–1 must be reversed.

### A–1's Motions for Summary Judgment against Bella Pointe, Trendwest, and Worldmark

■ A–1 filed motions for summary judgment against Bella Pointe and against Trendwest and Worldmark. The trial court denied those motions. Points II and III argue that this was error. Denial of a motion for summary judgment does not present an appealable issue. *Nodaway Valley Bank v. E.L. Crawford Const., Inc.,* 126 S.W.3d 820, 824 (Mo.App.2004); *Shelter Mut. Ins. Co. v. DeShazo,* 955 S.W.2d 234, 238 (Mo.App.1997). Points II and III are dismissed.

### Disposition

The summary judgment against A–1 in favor of Trendwest is reversed. The appeal of the denial of motions for summary judgment of A–1 against Bella Pointe and against Trendwest and Worldmark is dismissed. The case is remanded.

BATES, C.J., and BARNEY, J., concur.