Roger E. STEVENS, Individually and as Trustee of the Roger E. Stevens Inter Vivos Trust, Plaintiff–Appellant,

v.

Nina HOWARD, Defendant–Respondent,

and

John B. Mitchell, Jr., and Joseph P. Mitchell, Defendants–Intervenors.

No. 27337.

Missouri Court of Appeals,
Southern District,
Division One.

May 31, 2006.

Motion for Rehearing or Transfer to Supreme Court Denied June 21, 2006.

Application for Transfer Denied
Aug. 22, 2006.

Steven Privette, Willow Springs, for Appellant.

Keith Brown, Nevada, for defendant-respondent.

Dennis D. Reaves, Stockton, for defendants-Intervenors.

JOHN E. PARRISH, Judge.

Roger E. Stevens (plaintiff), individually and as trustee of the Roger E. Stevens Inter Vivos Trust, appeals a judgment in favor of defendant Nina Howard and intervenor defendants John B. Mitchell, Jr., and Joseph P. Mitchell, following the granting of motions to dismiss for the reason that the applicable statute of limitations had run on plaintiff's cause of action. This court affirms.

The pleading to which defendants' motions to dismiss were directed was plaintiff's First Amended Petition. It included the following "allegations common to all counts" that are applicable to the issues presented by this appeal.

. . .

4. Plaintiff's Predecessor, Floriene K. Michalski, Defendant Nina Howard, and Mary Mitchell as sole surviving bodily heirs of Nina Rosier inherited property located in Cedar County, herein referred to locally and commonly as the "Big Eddy Farm", with a legal description found on a deed recorded in the Sheriff's Deed of Partition filed on May 25, 1968 in Book 140 Page 85, Recorder's Office, Cedar County, Missouri, . . . .

5. Such Sheriff's deed was a result of a partition brought by Mary Mitchell, and the land commonly now knows [sic] as "Big Eddy Farm" was transferred to purchasers Joe Howard, (now deceased) and his wife Nina Howard of Sparta, Missouri.

6. Such sale was affected by Joe Howard's purchasing said property and paying one-third of the purchase price to each daughter of Nina Rosier: Mary Mitchell, Nina Howard and Floriene Michalski.

7. Both Nina Howard and Floriene Michalski returned the checks Joe Howard gave them, so that only one-third of the purchase price in partition actually had to be paid and that to Mary Mitchell.

8. Said one-third of the purchase price was borrowed by Joe Howard who advised that the farm had to be in his name with Nina Howard so that he could borrow the money.

9. Contemporaneously, Joe Howard stated that the income from the farm could pay off the loan and Floriene Michalski and Nina Howard would each end up with 50% ownership of the farm and that Joe Howard would have the use of the farm for his cattle operations and that he would make whatever improvements were necessary.

10. Floriene Michalski relied on the promise of Joe Howard that [sic] of Nina Howard that she was half owner of the farm in giving him her proceeds from the partition sale of the farm.

11. On April 8, 1968, Joe Howard put the following in writing and gave it to Floriene Michalski . . .

"We agree to sell interest in the Nina Rosier farm at Stockton to Floriene Michalski for $21,500.00. The following payments have been received:

- one-third of the Sheriff Sale Farm     $13,205.71
- (indecipherable) for City Property     1,186.87
- Money to Joe Howard     3,107.42

    $17,500.00

- Interest on $21,500 to date is $62.75

"When balance is paid, a deed will be given when Nina Howard and Floriene Michalski agree on division. [signed] Joe Howard."

12. Sometime after Floriene Michalski's only child, Jane O. Stevens had married [plaintiff] on February 7, 1977, the Stevens were visiting Floriene Michalski and Nina and Joe Howard, all of whom lived in or near Sparta, Missouri. While the Stevens were in the presence of both of the Howards, [plaintiff] asked why the Howards did not give a deed to Floriene Michalski for the farm. Joe Howard said that there was still almost $4,000.00 owed and that he was not sure whether Floriene Michalski was actually divorced so that he was not giving the deed yet for her protection.

13. On May 20, 1981, at the request of her mother Floriene Michalski, Jane O. Stevens sent a check for $4,000.00 to Joe Howard, which check was returned with an envelope postmarked August 7, 1981. . . .

14. Joe Howard died and Nina Howard then held legal (but not equitable) title to said property.

15. On July 3, 1980, Floriene Michalski transferred to her daughter Jane O. Stevens "all real property owned by me in the County of Cedar and specifically my undivided interest in 53 acres etc.", which deed was recorded at Deed [sic] 186 at Page 492 in the Recorder's Office in Cedar County, Missouri.

16. On the 5th day of September, 1997, Jane O. Stevens conveyed her interest in the "Big Eddy Farm" by her Declaration of Trust which recited that she "assigned, conveyed, transferred and delivered" to the Jane Stevens Intervivos [sic] Trust dated September 5, 1997, "All of the real estate and personalty I own anywhere, which is not in joint tenancy with my husband, Roger E. Stevens" and said trust with said conveyance was recorded at Reel 24 at Page 534–541 with reception nos. 30534 through 30541 of the Recorder's Records of Cedar County, MO. . . .

. . .

19. Jane O. Stevens died on September 19, 2002. Roger Stevens is her per-

sonal representative or executor under her will.

20. On the 26th day of May, 2005, the trustees of the Jane O. Stevens Intervivos [sic] Trust conveyed all of the trust's interest in the "Big Eddy Farm" to Roger E. Stevens by deed recorded in Reel 57 at Page 1173–175....

21. Roger E. Stevens is the successor in interest of Floriene Michalski.

Based on the foregoing allegations, the First Amended Petition sought declaratory judgment requesting "that the Estate of Jane O. Stevens be declared and adjudged equitable and legal co-tenants [sic] with the Defendant of the property described ...," (Count I); determination that plaintiff owns an undivided one-half interest by reason of an "express trust" arising from "[t]he actions and writings of Joe and Nina Howard" (Count II); determination that plaintiff "owns an undivided fee simple interest" in the property in question due to there having been created "a resulting trust for the benefit of Floriene Michalski, her heirs and successors in interest of a one-half interest" in the property "by reason of the existence of a resulting trust" (Count III); and determination that plaintiff owns an interest in the property in question and that the property be partitioned (Count IV).

■ Defendant Nina Howard filed a motion to dismiss the first amended petition in which she alleged, among other things, that "Plaintiff's claim is an action based on the recovery of possession of land not brought within ten years of Plaintiff (or the person whom Plaintiff claims as a predecessor in title) being seized or possessed of the premises in question the claim is barred by the statute of limitations under § 516.010 RSMo...." Intervenor defendants John B. Mitchell, Jr., and Joseph P. Mitchell, as children of Mary Rosier Mitchell, deceased, and nephews of

Nina Rosier Howard, filed various motions, including a motion for judgment on the pleadings and alternative motion to dismiss that asserted, *inter alia,* that plaintiff's claim was barred by the statute of limitations "under § 516.010, RSMo." The trial court granted the motions to dismiss and entered judgment dismissing plaintiff's action for the reason that the statute of limitations precluded plaintiff's cause of action.

■ Plaintiff's Point I contends the trial court erred in granting the motions to dismiss because the petition "did not clearly establish without exception that it is time barred as the petition could have prevailed under numerous theories of law including that there was an enforceable trust, as there was a clear material dispute as to whether there was any repudiation of the trust, and especially if there was a clear repudiation of the express or resulting trust, which must be shown for a statute of limitations argument to prevail in a motion to dismiss."

Whether the statute of limitations applies to an action is a question of law that is reviewed *de novo. Braun v. Petty,* 129 S.W.3d 449, 451 (Mo.App. E.D.2004). "[W]here a statute of limitations is asserted in support of a motion to dismiss, the petition should not be dismissed unless the petition clearly establishes on its face and without exception that it is time barred." *Yahne v. Pettis County Sheriff Dep't,* 73 S.W.3d 717, 719 (Mo.App. W.D.2002)(citing *Sheehan v. Sheehan,* 901 S.W.2d 57, 59 (Mo.banc 1995)).

*Branstad v. Kinstler,* 166 S.W.3d 134, 135–36 (Mo.App.2005).

Plaintiff's original petition was filed in this case December 23, 2002. The petition on which the trial court ruled, plaintiff's first amended petition, alleges that the

document that provides the foundation for plaintiff's claim of ownership of an interest in "Big Eddy Farm," the Sheriff's Deed of Partition, was filed of record in Cedar County, Missouri, May 25, 1968. The date of the transaction on which plaintiff relies to show the establishment of a trust for the benefit of his predecessor in interest occurred, according to the petition, April 8, 1968. The petition alleges a writing was signed by Joe Howard that date stating an agreement to sell an interest in the farm to plaintiff's predecessor in interest, Floriene Michalski, for the sum of $21,500. The April 8, 1968, writing stated that amounts totaling $17,500 had been received on the purchase price.

The petition alleges that sometime after February 7, 1977, Joe Howard stated that "almost $4,000.00" was owed for the interest in the farm plaintiff now claims as successor in interest to Floriene Michalski. It states that on May 20, 1981, a check in the amount of $4,000 was sent to Joe Howard on behalf of Floriene Michalski for payment of the remainder owed on her share of the farm. That check, according to the petition, "was returned with an envelope postmarked August 7, 1981." A copy of the envelope is attached as an exhibit to the petition. Its return address states, "Joe Howard Limestone Quarry, Route 1, Box 117, Sparta, Missouri 65753." As the petition states, the envelope shows a postmark dated "AUG 7 PM 1981."

If a resulting trust would be sustainable, the right to sue for recovery of the equitable interest in the real estate inured when the real estate was conveyed to Joe Howard and his wife, Nina Howard, by the Sheriff's Deed in Partition, the deed that was filed of record May 25, 1968. *Zeitinger v. Annuity Realty Co.*, 325 Mo. 194, 28 S.W.2d 1030, 1034–35 (1930). The applicable statute is the statute through which recovery of land may be sought. *Id.* at 1035. Section 516.010, RSMo 2000, provides that "[n]o action for the recovery of any lands, tenements or hereditaments, or for the recovery of the possession thereof, shall be commenced, had or maintained by any person, whether citizen, denizen, alien, resident or nonresident of this state, unless it appear that the plaintiff, his ancestor, predecessor, grantor or other person under whom he claims was seized or possessed of the premises in question, within ten years before the commencement of such action." On December 23, 2002, when plaintiff filed this action, more than 34 years had elapsed from the giving of the sheriff's deed. The statute of limitation, § 516.010, had long since run on enforcement of a resulting trust.

Requirements are different for an express trust. Count II of plaintiff's petition contends that an express trust was created by the signing of the April 8, 1968, writing. "As between trustee and cestui que trust, in the case of an expressed trust, the Statute of Limitations has no application, and no length of time is a bar, *unless the trust has been repudiated and the cestui que trust has notice thereof, either actual or constructive.*" *Eldridge v. Logan,* 217 S.W.2d 588, 592 (Mo.App.1949) (emphasis added). The question is whether plaintiff's petition established repudiation and notice of repudiation to plaintiff or his predecessor.

The petition states that when questioned about why no conveyance of an interest in the real estate had been made from Joe Howard and Nina Howard, sometime after February 7, 1977, Joe Howard stated that a balance was owed by Ms. Michalski of "almost $4,000." It states that a check was sent by Jane O. Stevens, on behalf of Floriene Michalski, to Howard on May 20, 1981; that the check was returned August 7, 1981, by the same means as it was sent, by mail.

By returning the check, Joe Howard refused to perform the terms of the April 8, 1968, writing. Joe Howard's failure to accept the $4,000 check and convey the property repudiated the terms of that document. Since Jane O. Stevens, who sent the check did so "at the request of her mother," Mrs. Stevens represented her mother, the claimed cestui que trust, in undertaking to satisfy the terms of the document. As such, Floriene Michalski had notice of that repudiation. That occurred, as stated in the petition, by means of mail postmarked August 7, 1981, more than 22 years before plaintiff filed his petition. As a result, the action seeking to recover an interest in real estate was barred by § 516.010.

Plaintiff claimed an interest in the real estate as the successor to a cestui que trust. That interest was not enforceable due to the running of the statute of limitations. He failed to plead an action for which relief could be granted on the bases of an express trust or a resulting trust. Counts II and III of his amended petition failed. The basis for his request for declaratory judgment adjudging him an owner of an interest in the real estate, Count I, was founded on the existence of one of the two types of trusts he sought to enforce. Count I likewise fails, as does Count IV for partition, in that the first amended petition discloses no interest of plaintiff, thus, nothing to be partitioned. Point I is denied.

Point II is directed to the trial court's denial of a motion for summary judgment filed by plaintiff. The trial court ruled on the motion at the same time it granted defendants' motions to dismiss. Plaintiff contends that was error because proper answers to his motion for summary judgment had not been filed; that, therefore, all issues set forth in the motion were deemed admitted so there was no material issue of fact. He contends he was "entitled to summary judgment as a matter of law."

 Point II fails in that denial of a motion for summary judgment does not present an appealable issue. *Bolivar Insulation Co. v. Bella Pointe Development, L.L.C.*, 166 S.W.3d 610, 614 (Mo.App.2005). Furthermore, determination of this appeal is resolved by Point I. Point II would be rendered moot if it were otherwise appropriate for consideration on appeal. Point II is dismissed. The judgment is affirmed.

RAHMEYER, P.J., and LYNCH, J., concur.